FILED TPA INTAKE USBC
26 MAY 2026 AM10:34

## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**In re: ROBERT EDWARD LEE ADAMS,**

_____/

Adv. Proc. No.: 8:25-ap-00296-CPM
Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

**JENERGY AIR SERVICES, LLC,**
a Florida limited liability company,
**JENNIFER REYNOLDS, an individual,**

    Plaintiffs,

v.

**ROBERT EDWARD LEE ADAMS, a Florida individual,**

    Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO DEFENDANT'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION

### LOCAL RULE 7026-1(d) CERTIFICATION

Pursuant to Local Rule 7026-1(d), Defendant Robert Edward Lee Adams, appearing pro se, certifies that he has in good faith conferred with Plaintiffs' counsel in an effort to resolve the issues raised in this motion without Court action. Defendant's conferral attempts include the following written communications: (a) a meet-and-confer letter to Plaintiffs' counsel Michael P. Beltran, Esq. dated April 28, 2026; (b) a follow-up communication dated May 5, 2026, addressing deficiencies in Plaintiffs' Rule 26(a)(1) initial disclosures; and (c) a final meet-and-confer letter transmitted to Mr. Beltran by email on May 19, 2026 (Letter v4, attached as Exhibit C). Letter v4 identified each deficiency in Plaintiffs' May 11 and May 13 responses, requested specific cures (the withdrawal of boilerplate General Objections, a reasonable search for

*1*

responsive documents, the production of all responsive documents, and the service of a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A)), and set a response deadline of Thursday, May 21, 2026, at the close of business.

Plaintiffs responded by email from Anastasia Wagner on May 21, 2026, at 3:30 p.m. Eastern (Exhibit D). Plaintiffs' response did not commit to any of the requested cures. Plaintiffs did not propose a date for the privilege log. Plaintiffs did not withdraw any objection. Plaintiffs did not commit to conduct a search. Plaintiffs did not address any specific deficiency identified in the May 19, 2026 letter. Instead, Plaintiffs asserted that "a 48-hour turnaround does not provide sufficient time to review and respond to your communication, much less cure any purported deficiencies," notwithstanding that the same response demonstrates Plaintiffs' counsel had time to characterize Defendant's conduct, assert that conferral was not in good faith, and threaten a separate sanctions motion. Plaintiffs' response did not resolve the disputes raised in this motion. The parties have not reached agreement on any portion of the motion.

Defendant has, on multiple occasions, communicated with Plaintiffs' counsel by written correspondence on the subject matter of this motion, more than 24 hours before filing, and Plaintiffs' counsel has had a full and fair opportunity to respond. To the extent the Court reads Local Rule 7026-1(d)(1) to require a separate telephone attempt, Defendant submits that the rule should be construed in light of the parties' counsel-of-record conduct in this case; Plaintiffs' counsel has not initiated a single telephone call to Defendant since the discovery dispute arose. Defendant has conferred in good faith. The disputes addressed in this motion have not been resolved.

## I.  INTRODUCTION

Defendant Robert Edward Lee Adams, appearing pro se, moves under Federal Rule of Civil Procedure 37(a), as incorporated by Federal Rule of Bankruptcy Procedure 7037, for an order compelling Plaintiffs Jenergy Air Services, LLC and Jennifer Reynolds to produce documents responsive to Defendant's First Set of Requests for Production (served April 10, 2026) and Defendant's Second Set of Requests for Production (served April 13, 2026), to which Plaintiffs served responses on May 11, 2026 and May 13, 2026 respectively.

This motion presents three counts. Each rests on the same controlling local authority: this Court's May 6, 2026 Order Granting Plaintiffs' Motion to Compel, Doc. No. 58 ("Doc 58"). In Doc 58 the Court overruled Defendant's "boilerplate objections based upon relevancy, overbreadth, undue burden, proportionality, vagueness, and assuming facts," Doc. No. 58, at 2, and held that "Defendant's personal finances are directly relevant to the claims and defenses in the adversary proceeding. The objections are overruled." Id. The Court further overruled Defendant's attorney-client privilege and work-product objections to communications with a non-lawyer. Id.

Plaintiffs' May 11 and May 13 responses invoke the same families of objection. The responses gate production of Jenergy's business and financial records behind a protective order Defendant has not signed; assert Article I, Section 23, Florida Constitution and "general privacy interests" as a basis to withhold Plaintiffs' financial records; refuse to search at all in twenty of the thirty-two requests; invoke attorney-client privilege, work-product, accountant-client privilege, and marital privilege in at least twelve specific responses and globally as General Objection H; and serve no privilege log of any description. Plaintiffs have produced ninety-five

pages of text messages between Reynolds and Defendant (Jenergy 0001 to 0095) and nothing else.

Count 1 asks this Court to apply Doc 58 symmetrically. Plaintiffs' objections mirror, in content and in many places verbatim, the objections this Court overruled in Doc 58 when Defendant asserted them. Doc 58 has already done the legal work; what remains is to enforce it on the same record. Count 2 asks the Court to require Plaintiffs to serve a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A) within fourteen days, with waiver as the consequence of noncompliance, and to overrule the marital and accountant-client privileges asserted to law-firm engagement records (Second Set Requests 27 to 30) as facially inapplicable. Count 3 asks the Court to compel production of the documents supporting Plaintiffs' own pleaded damages (Requests 11, 15, and 24), or, in the alternative, to preclude Plaintiffs from offering at trial any evidence in support of those damages categories. Defendant also requests fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A), to be quantified by separate application, in parallel with the procedural posture of Doc 58, and reserves the right to seek separate spoliation relief under Federal Rule of Civil Procedure 37(e) regarding the destruction of emails on the jenergyreynolds.com domain and Plaintiffs' administrative control of the jenergyair.com domain.

## II.  BACKGROUND

Plaintiffs filed this adversary proceeding on February 19, 2024, seeking determinations of nondischargeability under 11 U.S.C. sections 523 and 727 and damages based on alleged conduct between October 2023 and February 14, 2024.

On April 3, 2026, Plaintiffs served their First Set of Requests for Production on Defendant. Defendant responded on April 8, 2026, after having served Corrected Initial

4

Responses on February 27, 2026 to the prior set. On April 3 to 4, 2026, Plaintiffs filed Doc 43, a motion to compel as to twenty-one of Plaintiffs' First Set Requests. Following a hearing on April 27, 2026, this Court entered Doc 58 on May 6, 2026, granting the motion to compel. Doc 58 overruled the "boilerplate objections based upon relevancy, overbreadth, undue burden, proportionality, vagueness, and assuming facts"; overruled Defendant's Article I, Section 23 financial-privacy objection; overruled the attorney-client privilege and work-product objection as to communications with a non-lawyer; and directed Defendant to produce responsive documents by May 18, 2026. Doc. No. 58, at 2 to 3. Defendant timely produced extensive responsive documents under Doc 58 on May 18, 2026 (the "Doc 58 Production").

In parallel, Defendant served his own First Set of Requests for Production on Plaintiffs on April 10, 2026 (twenty-six requests) and his Second Set of Requests for Production on April 13, 2026 (six requests, numbered 27 to 32). Plaintiffs served responses to the First Set on May 11, 2026, attached as Exhibit A, and responses to the Second Set on May 13, 2026, attached as Exhibit B. Plaintiffs produced ninety-five pages of text messages between Reynolds and Defendant (Jenergy 0001 to 0095) accompanying the First Set response. Plaintiffs produced no documents with the Second Set response.

On May 10, 2026, Plaintiffs filed Doc 61, a Motion for Protective Order, which seeks an order excusing Plaintiffs from producing documents responsive to certain of Defendant's First Set Requests pending entry of a protective order. The Court has set Doc 61 for hearing on May 26, 2026, at 11:00 a.m. in Courtroom 8B, by separate notice of hearing (Doc 64).

Defendant transmitted a meet-and-confer letter to Plaintiffs' counsel on May 19, 2026 (Letter v4, Exhibit C), in connection with the May 11 and May 13 responses, which set a response deadline of Thursday, May 21, 2026, at the close of business. The conferral history is

summarized in the Local Rule 7026-1(d) Certification above. Defendant files this motion because the conferral effort has not produced agreement on any portion of the disputes.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7026, permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. Id. Federal Rule of Civil Procedure 34(b)(2)(B), made applicable here by Federal Rule of Bankruptcy Procedure 7034, requires that for each item or category, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34(b)(2)(C) requires that an objection "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

Federal Rule of Civil Procedure 26(b)(5)(A), made applicable here by Federal Rule of Bankruptcy Procedure 7026, provides that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim, and (ii) "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Federal Rule of Civil Procedure 37(a)(1) authorizes a party to move for an order compelling disclosure or discovery on notice to other parties and all affected persons. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(3)(B)(iv) provides specifically that a party seeking discovery may

move for an order compelling production if a party fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37(a)(5)(A) requires the Court, after granting a motion to compel, to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, subject to enumerated exceptions. Fed. R. Civ. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 26(c)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7026, places the burden on a party seeking a protective order to move for and obtain such an order. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order must show good cause for the protection sought. Id.

Florida Statute section 90.5055 establishes a Florida-law accountant-client privilege. It is narrowly construed and applies only to communications between an accountant and a client, made in confidence, for the purpose of seeking accounting advice. Fla. Stat. section 90.5055. In federal court, when the privilege is asserted in a federal-question matter, the responding party must comply with Federal Rule of Civil Procedure 26(b)(5)(A) regardless of whether the privilege itself ultimately applies.

Local Rule 7037-1 of this Court provides that motions to compel discovery shall quote in full each request to which the motion is addressed and the objection and grounds therefor as stated by the opposing party, and shall state the reasons such objections should be overruled. Local Rule 7026-1(d) requires a good-faith conferral certification.

This Court's prior ruling in Doc 58 controls the disposition of the same kinds of objection in this case. Doc 58 overruled "boilerplate objections based upon relevancy, overbreadth, undue

burden, proportionality, vagueness, and assuming facts." Doc. No. 58, at 2. Doc 58 held

expressly that "Defendant's personal finances are directly relevant to the claims and defenses in

the adversary proceeding. The objections are overruled." Id. Doc 58 overruled the attorney-client

privilege and work-product objection as to communications with a non-lawyer, on the ground

that those doctrines "do not protect communications of a non-lawyer." Id. The principle that the

same objection family fails for the same reasons when asserted by Plaintiffs in the same case, on

the same record, before the same judge is the through-line of this motion.

## IV.  COUNT 1: PLAINTIFFS' OBJECTIONS MIRROR THE BOILERPLATE

## OBJECTIONS THIS COURT OVERRULED IN DOC 58 AND SHOULD BE

## OVERRULED SYMMETRICALLY

Count 1 is addressed to Plaintiffs' use of relevance, overbreadth, vagueness, undue

burden, "premature," Article I, Section 23 financial privacy, and confidentiality or protective-

order gating, across First Set Requests 1, 2, 3, 5, 7, 12, 13, 14, 17, 18, 22, and 26 and Second Set

Requests 27, 28, 29, and 30. Each request and response is quoted below in compliance with

Local Rule 7037-1. The argument follows the quotes.

### A.   Article I, Section 23 financial privacy: Requests 1, 3, 13, and 18.

*Request for Production No. 1:*

All records of payments received by Jennifer Reynolds and/or Jenergy Air
Services, LLC through Venmo, Cash App, Zelle, PayPal, or any other peer-to-
peer payment platform, including but not limited to transaction histories, account
statements, and payment confirmations, from January 1, 2022, through the
present.

*Plaintiffs' Response to Request No. 1:*

To the extent this request seeks documents regarding payments to Jennifer
Reynolds' personal Venmo, Cash App, Zelle, etc., Plaintiffs object on the basis

*8*

that Reynolds' personal finances are not relevant to any claims or defenses in this matter and are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. The time period is also overly broad, as the claims at issue concern events occurring between October 2023 and February 14, 2024. On the basis of the objections, Plaintiffs will not search for documents pertaining to Reynolds' personal accounts. As to Jenergy, Plaintiffs reiterate their objection to the overly broad time period. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order. A draft motion and protective order was provided to Defendant on May 8, 2026, which he declined to sign.

### Request for Production No. 3:

All documents reflecting income received by Jennifer Reynolds from any source other than Jenergy Air Services, LLC from January 1, 2022, through the present, including but not limited to income from social media platforms, Facebook groups, consulting, side businesses, or any other business activity, whether or not reported on tax returns.

### Plaintiffs' Response to Request No. 3:

Plaintiffs object to this request, as it is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. Given Joel Reynolds' attempt to intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. Moreover, Reynolds' personal finances are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order.

### Request for Production No. 13:

All bank statements for any personal bank account of Jennifer Reynolds through which Jenergy Air Services, LLC business funds were deposited or from which Jenergy business expenses were paid, from January 1, 2022, through the present.

### Plaintiffs' Response to Request No. 13:

Objection. Reynolds' personal bank statements are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. They are also not relevant to this matter, as no claims or defenses allege Reynolds' improperly deposited funds or paid business expenses with personal funds. Rather, Defendant alleges the opposite – that Reynolds purportedly paid personal expenses out of business accounts. Plaintiffs also object that the request is overly broad in scope (not limited to relevant entries) and time period (not limited to October 2023-February 14, 2024). Plaintiffs also object to producing documents containing private information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

9

***Request for Production No. 18:***

All documents relating to Jennifer Reynolds' own application for a Small Business Administration loan for Jenergy Air Services, LLC, as referenced in Paragraph 28 of the Adversary Complaint, including the loan application, correspondence with American Momentum Bank or any other lender, and any approval, denial, or conditional approval letters.

***Plaintiffs' Response to Request No. 18:***

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. It is also so overly broad that it may seek documents protected by accountant-client privilege and, as to any documents pertaining to Reynolds' personal finances, Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

Reasons the objections should be overruled. Doc 58 squarely overruled the Article I, Section 23 financial-privacy objection in this case. The Court held: "As to Request Nos. 5 and 15, Defendant's personal finances are directly relevant to the claims and defenses in the adversary proceeding. The objections are overruled." Doc. No. 58, at 2. Plaintiffs have placed their own financial condition directly at issue by pleading $300,000 in lost profits, multiple itemized damages totaling more than $40,000, a $245,000 Employee Retention Credit representation, and a Small Business Administration loan application (Paragraph 28 of the Adversary Complaint). Symmetric application of Doc 58 requires the same result as to Reynolds and Jenergy that the Court reached as to Defendant. The Florida financial-privacy theory does not shield financial records relevant to claims and defenses asserted in federal court; that is the holding of Doc 58 in this case.

Defendant's separate income streams (Request 3), payment-platform receipts (Request 1), bank accounts through which business funds flowed (Request 13), and Reynolds' SBA loan application materials (Request 18) are each directly relevant under Federal Rule of Civil Procedure 26(b)(1). Reynolds' parallel revenue from non-Jenergy sources bears on the credibility

of the lost-profits theory; the SBA loan application materials are pleaded in the Complaint itself. Plaintiffs' refusal to search at all in three of these four requests (1 as to personal accounts, 13, and 18) is not a Rule 34 response. Fed. R. Civ. P. 34(b)(2)(B) and (C). The Article I, Section 23 invocation, the relevance objections, and the overbreadth objections fail under Doc 58 and Rule 26(b)(1).

The Article I, Section 23 invocation also fails for an independent reason: it is not a privilege available in this proceeding. This adversary proceeding arises under federal law, and Federal Rule of Evidence 501, applied here through Federal Rule of Bankruptcy Procedure 9017, provides that federal common law governs privilege except as to a claim or defense for which state law supplies the rule of decision. The Eleventh Circuit has held that "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question." Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992). Florida's constitutional financial-privacy provision is state law that supplies the rule of decision for no claim or defense at issue, so it does not create a privilege recognized under Rule 501 and does not bar discovery of the records sought in Requests 1, 3, 13, and 18. Having invoked a federal forum, Plaintiffs cannot use a state privacy provision to limit the federal discovery available under Rule 26(b)(1) on claims they themselves filed.

**B.  Boilerplate relevance, overbreadth, vagueness, and "premature" objections: Requests 2, 5, 7, 14, 17, 22, and 26.**

*Request for Production No. 2:*
All documents and records relating to the Facebook group known as "Seminole Happenings," including but not limited to: records of membership fees or premium membership payments received; bank, Venmo, Cash App, Zelle, or PayPal records reflecting income from said group; any tax returns, 1099 forms, or other tax documents reflecting income from said group; and all communications regarding the monetization of said group.

*11*

*Plaintiffs' Response to Request No. 2:*

Plaintiffs object to this request, as this Facebook group is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. Given Joel Reynolds' attempt to intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. In any event, it is not relevant to the claims and defenses in this matter. Moreover, Reynolds' personal finances are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs will not search for responsive documents.

*Request for Production No. 5:*

All documents relating to any change in the Employer Identification Number (EIN) of Jenergy Air Services, LLC, including but not limited to IRS Form SS-4 applications, IRS correspondence, and any internal communications regarding the decision to obtain a new EIN.

*Plaintiffs' Response to Request No. 5:*

Plaintiffs object to this request, as it is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. There are no claims or defenses concerning a change in Jenergy's EIN. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order. Plaintiffs will not search for responsive documents.

*Request for Production No. 7:*

All documents reflecting payments made by Ricardo Gianvito for legal fees, costs, or expenses in connection with this adversary proceeding, the underlying bankruptcy case, or the related state court actions (Case Nos. 24-CA-000808 and 25-000039-CI), including invoices, checks, wire transfers, and credit card statements.

*Plaintiffs' Response to Request No. 7:*

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. Even if relevant, such discovery would be premature at this time. No search will be performed for responsive documents.

*Request for Production No. 14:*

All credit card statements for the Chase and Capital One credit cards referenced in Paragraph 84 of the Adversary Complaint, from January 1, 2023, through February 28, 2024, including statements reflecting charges made by Defendant, Jennifer Reynolds, and/or any Jenergy employee during the negotiation and transition period.

*Plaintiffs' Response to Request No. 14:*

Objection. This request is not limited to the relevant time period. It also seeks documents that are not relevant to the claims and defenses in this matter. Plaintiffs also object to producing documents containing private information without protection of a confidentiality or protective order.

### Request for Production No. 17:

All documents relating to any Employee Retention Credit (ERC) application filed by or on behalf of Jenergy Air Services, LLC, including the application, any correspondence with the IRS, any funds received, and any documents reflecting the disposition of said funds. Jennifer Reynolds represented in her October 20, 2023 counteroffer that $245,000 in ERC funds were due to Jenergy within 6 to 9 months.

### Plaintiffs' Response to Request No. 17:

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. It is also overly broad, as it seeks documents beyond February 14, 2024. For example, how Jenergy used the funds, if received, after February 14, 2024, is of no relevance to Defendant's defenses. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

### Request for Production No. 22:

All federal and state tax returns filed by or on behalf of Jenergy Air Services, LLC from 2020 through the present, including all schedules, K-1 forms, and any amended returns.

### Plaintiffs' Response to Request No. 22:

Objection. This request is not limited to the relevant time period. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

### Request for Production No. 26:

All documents relating to the formation, operations, and finances of Jenergy Media LLC (Florida Document # L24000207914, filed May 3, 2024), including but not limited to: Articles of Organization, operating agreements, bank statements, tax returns, profit and loss statements, customer lists, invoices, contracts, and any documents reflecting the transfer or migration of customers, employees, contracts, revenue streams, intellectual property, social media accounts, or business operations from Jenergy Air Services, LLC to Jenergy Media LLC or any other entity owned or controlled by Jennifer Reynolds.

### Plaintiffs' Response to Request No. 26:

Objection. This request is not relevant to the claims and defenses in this matter. The entity did not exist at the time of the events at issue herein, nor has Defendant claimed he owns an interest in the entity. Given Joel Reynolds' attempt to

intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

Reasons the objections should be overruled. Doc 58 already disposed of relevance, overbreadth, undue burden, vagueness, and "premature" as standalone bases to withhold documents in this adversary proceeding. The Court held that those objections, when asserted by Defendant, were "boilerplate objections based upon relevancy, overbreadth, undue burden, proportionality, vagueness, and assuming facts" and overruled them "in response to all requests at issue." Doc. No. 58, at 2. The same families of objection, asserted by Plaintiffs on the same record before the same Court, fail for the same reasons.

The specific responses above present several independent defects. Request 14 is facially bounded by date range (January 1, 2023 to February 28, 2024); the objection that it is "not limited to the relevant time period" is incorrect on its face. The Chase and Capital One credit cards are pleaded by Plaintiffs in Paragraph 84 of the Adversary Complaint, and the negotiation and transition period covered by the request lies entirely within the scope of Plaintiffs' own allegations. Plaintiffs cannot plead documents into the case and then object to their production as not limited to the relevant time period.

Request 7 is met with a "premature" objection that is the same family Doc 58 overruled. Doc 58 did not deem "premature" sufficient to defeat Plaintiffs' own discovery. The Court should not credit it to defeat Defendant's. Third-party litigation funding by Ricardo Gianvito is directly relevant to who controls this litigation, to potential conflicts of interest, and to Plaintiffs' affirmative fee application.

*14*

Request 17 is pleaded around the $245,000 Employee Retention Credit figure that Reynolds herself represented in her October 20, 2023 counteroffer, a document that grounds the fraud and breach claims in the Adversary Complaint. The relevance objection is misplaced: a representation Plaintiffs made before the closing is squarely at issue. The objection that the disposition of ERC funds after February 14, 2024 "is of no relevance to Defendant's defenses" sets the relevance standard in reverse: discoverability under Rule 26(b)(1) reaches any matter relevant to any claim or defense, including damages.

Request 26 (Jenergy Media LLC) is met with a relevance objection that the entity "did not exist at the time of the events at issue." That is partially correct as to the May 3, 2024 formation date, but the request reaches transfer and migration of customers, employees, contracts, revenue streams, and goodwill from Jenergy Air Services to Jenergy Media after the alleged events. Plaintiffs' damages theory is that Jenergy Air Services lost $300,000 in profits during the negotiation period and continuing thereafter. Whether that loss is real, and whether Plaintiffs moved the business to a successor entity, is directly relevant to the damages defense.

Requests 2 (Seminole Happenings), 5 (EIN change), 22 (tax returns), and the relevance branches of 1 and 26 ask the Court to weigh discoverable information about Plaintiffs' parallel revenue streams, business identity, and financial baseline. Each is relevant under Rule 26(b)(1) and proportional under the same rule given Plaintiffs' pleaded damages. Refusal to search at all is not a Rule 34 response. Fed. R. Civ. P. 34(b)(2)(B) and (C). The same boilerplate framework Doc 58 overruled cannot be revived to defeat reciprocal discovery.

**C. Protective-order gating: Request 12 (and the Jenergy branch of Request 1, Requests 14, 17, 22, and 26 above).**

***Request for Production No. 12:***

All data exports from Service Titan or any other customer relationship management (CRM) software used by Jenergy Air Services, LLC, including customer lists, job histories, invoicing records, and technician dispatch records, from January 1, 2023, through the present.

### Plaintiffs' Response to Request No. 12:

Objection. This request is not limited to the relevant time period and may seek confidential and proprietary business information. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

Reasons the objection should be overruled. Plaintiffs cannot use a protective order they have not obtained as a discovery shield. Federal Rule of Civil Procedure 26(c)(1) places the burden of moving for and obtaining a protective order on the party who seeks protection. Plaintiffs delivered a draft order to Defendant on May 8, 2026, but they have not filed it, have not negotiated its terms, and have not obtained the Court's entry of it. Defendant's non-signature on a draft Plaintiffs prepared does not relieve Plaintiffs of their Rule 34 obligation to produce. If Plaintiffs believe a protective order is necessary as to Service Titan customer data (Request 12), credit card statements (Request 14), tax returns (Request 22), Jenergy Media records (Request 26), Jenergy peer-to-peer payment records (Request 1, Jenergy branch), or ERC records (Request 17), Rule 26(c) requires them to move for one. Filing a Motion for Protective Order would test the proposed protections on the merits. Plaintiffs filed Doc 61 on May 10, 2026, addressing certain Plaintiffs' First Set Requests for which they seek protection; they have not similarly moved as to the Defendant's First Set Requests gated behind their draft order.

Doc 58 itself did not credit a confidentiality-based withholding when Defendant raised it. Defendant was directed to produce by May 18, 2026, and did produce, without prior entry of a protective order. Doc. No. 58, at 3. Symmetric application of Doc 58 requires the same result here. The Court should overrule the protective-order gating objection across the requests in which it is invoked and direct Plaintiffs to produce within fourteen days.

**D.   Second Set Requests 27 to 30: relevance and Article I, Section 23 portions.**

The privilege portions of the Second Set responses are addressed in Count 2. This subsection addresses the non-privilege objections, principally the assertion that engagement and matter-structure documents are "not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein," and the assertion that Article I, Section 23 financial privacy bars production of law-firm engagement records.

*Request for Production No. 27:*

All retainer agreements, engagement letters, fee arrangements, and any amendments thereto between Plaintiffs, Jennifer Reynolds (a/k/a Jennifer Freyeisen, a/k/a Jennifer Gianvito), Ricardo Gianvito, and/or any entity owned or controlled by Jennifer Reynolds or Ricardo Gianvito, and Beltran Litigation, P.A. and/or Michael P. Beltran, Esq., including but not limited to documents identifying the client(s), the scope of engagement, fee structure, billing arrangements, and any documents reflecting Ricardo Gianvito's role in or authority over the representation.

*Plaintiffs' Response to Request No. 27:*

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

*Request for Production No. 28:*

All documents relating to the matter identified in Beltran Litigation's billing records as "Reynolds Restoration" or Matter No. 00085-Reynolds, including any engagement letters, retainer agreements, or internal matter-opening documents reflecting the scope of the engagement, the identity of the client(s), and the subject matter of the representation.

*Plaintiffs' Response to Request No. 28:*

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege; including marital privilege, accountant-client privilege, and the financial privacy protections provided by

*17*

Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

### Request for Production No. 29:

All documents relating to Beltran Litigation's billing Matter No. 00127-(Reynolds) Gianvito, including any engagement letters, retainer agreements, billing statements, and any documents reflecting the relationship between this matter and Matter No. 00085-Reynolds or the adversary proceeding.

### Plaintiffs' Response to Request No. 29:

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

### Request for Production No. 30:

All unredacted billing statements, invoices, and time entries generated by Beltran Litigation, P.A. in connection with the representation of Plaintiffs in Case No. 24-CA-000808, Case No. 25-000039-CI, and Adversary Proceeding No. 8:25-ap-00296-CPM. Plaintiffs have submitted partially redacted composite invoices to the state court in support of their fee application; Defendant requests the complete, unredacted versions of those invoices, as well as any invoices not previously submitted to the state court.

### Plaintiffs' Response to Request No. 30:

Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

Reasons the objections should be overruled. The "prior state court case" framing is incorrect. Mr. Beltran's engagement with Plaintiffs covers this adversary proceeding by his own signature: he is counsel of record for Plaintiffs in this case, and he signed the May 11 and May 13 responses that raised the very objections. Engagement letters, retainer agreements, matter-opening documents, and billing for Matter No. 00085-Reynolds, Matter No. 00127-(Reynolds) Gianvito, and the adversary proceeding are part of the same engagement structure. Request 30

expressly identifies the adversary proceeding (Adversary Proceeding No. 8:25-ap-00296-CPM) as one of the three matters covered.

Engagement-scope documents are not privileged communications. They are intake records that establish (a) who is the client, (b) what is the scope of representation, (c) what the fee structure is, and (d) who is paying. The threshold question whether Gianvito is the actual client or financier or both is itself an open question. Plaintiffs' refusal to identify on what basis Gianvito stands in as the client cannot rest on a privilege he has not formally claimed.

The Article I, Section 23 financial-privacy invocation as to law-firm engagement records is foreclosed by Doc 58 in this case. Doc. No. 58, at 2. Plaintiffs put their attorney's fees at issue affirmatively by filing partially redacted composite invoices in support of a fee application in the state court action. Plaintiffs cannot affirmatively seek attorneys' fees and refuse to disclose the underlying records.

The same invocation also fails as a matter of federal law. Because this is a federal-question adversary proceeding, privilege is governed by federal common law under Federal Rule of Evidence 501, which applies through Federal Rule of Bankruptcy Procedure 9017. State privilege law controls only as to a claim or defense for which state law supplies the rule of decision. Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992) ("the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question"). Article I, Section 23 of the Florida Constitution is state law that supplies the rule of decision for no claim or defense here, so it is not a privilege recognized under Rule 501 and does not shield law-firm engagement records from discovery. This federal-law ground reinforces the at-issue point stated above: having affirmatively placed their attorney's fees at

issue and having chosen a federal forum, Plaintiffs cannot invoke a state privacy provision to withhold the underlying engagement records.

The privilege objections to Requests 27 through 30, including marital privilege and accountant-client privilege, are addressed in Count 2 below. Plaintiffs have served no privilege log of any description, and marital privilege and accountant-client privilege are facially inapplicable to law-firm engagement and billing records as a matter of law. Count 2 addresses those objections separately.

**E.  Relief sought on Count 1.**

Defendant respectfully requests that the Court enter an order: (1) overruling Plaintiffs' objections based on relevance, overbreadth, undue burden, vagueness, "premature," Article I, Section 23 financial privacy, and confidentiality or protective-order gating, as to First Set Requests 1, 2, 3, 5, 7, 12, 13, 14, 17, 18, 22, and 26, and Second Set Requests 27, 28, 29, and 30 (as to the non-privilege portions, see Count 2 for privilege portions); (2) compelling Plaintiffs to conduct a reasonable search for responsive documents and to produce all responsive documents within fourteen days of order; and (3) clarifying that Plaintiffs may not condition production on Defendant's signature to a protective order, that if Plaintiffs require protection they must move for and obtain a protective order under Federal Rule of Civil Procedure 26(c).

## V.  COUNT 2: PLAINTIFFS HAVE INVOKED PRIVILEGE ACROSS AT LEAST TWELVE

## REQUEST RESPONSES WITHOUT SERVING A PRIVILEGE LOG AS REQUIRED BY FED. R. CIV. P. 26(b)(5)(A)

Count 2 is addressed to Plaintiffs' invocation of attorney-client privilege, work-product doctrine, accountant-client privilege, and marital privilege in First Set Requests 4, 6, 8, 9, 10, 16, 19, 23, and 25, and Second Set Requests 27, 28, 29, and 30 (quoted in full in Count 1, Subsection D, above), plus the global privilege assertion in General Objection H of each response. No privilege log of any description has been served. Each request and response is quoted below as required by Local Rule 7037-1.

> ***Plaintiffs' General Objection H (incorporated into the answer to each request, per the preamble of Plaintiffs' May 11, 2026 and May 13, 2026 responses):***
>
> These requests seek documents protected by attorney-client privilege, the work product doctrine, accountant-client privilege, marital privilege, and other applicable privileges and protections, including Article I Section 23 of the Florida Constitution and general privacy interests.

### A.  Accountant-client privilege without a log: Requests 4 and 10.

> ***Request for Production No. 4:***
>
> All communications between Jennifer Reynolds, Ricardo Gianvito, and/or any representative of Jenergy Air Services, LLC and Matt Kessenich, including but not limited to emails, text messages, and letters, regarding the valuation, financial condition, or accounting of Jenergy Air Services, LLC.
>
> ***Plaintiffs' Response to Request No. 4:***
>
> Plaintiffs object to this request on the basis that communications with Matt Kessenich are protected by accountant-client privilege. Some communications may also be protected by the work product doctrine. The request is not limited to the relevant time period, and is vague and overly broad in scope, e.g., it requests communications with an accountant about "accounting." Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order.

*Request for Production No. 10:*

All documents reflecting any valuation, appraisal, or financial assessment of Jenergy Air Services, LLC prepared by or at the direction of Matt Kessenich, any accountant, or any financial advisor, from January 1, 2022, through the present, including but not limited to any valuation prepared in connection with the Marital Settlement Agreement between Jennifer Reynolds and Joel Reynolds.

*Plaintiffs' Response to Request No. 10:*

Objection. This request seeks documents protected by accountant-client privilege. The request is also so overly broad that it may seek documents protected by attorney-client privilege or the work product doctrine. The request is not limited to the relevant time period. No search for responsive documents will be performed.

## B. Attorney-client privilege and work-product without a log: Requests 6, 8, 9.

*Request for Production No. 6:*

All communications between Ricardo Gianvito and Michael P. Beltran, Esq. regarding this adversary proceeding, the underlying bankruptcy case, or the related state court actions, including but not limited to emails, text messages, and letters reflecting litigation strategy, settlement discussions, or case management decisions.

*Plaintiffs' Response to Request No. 6:*

Objection. This request seeks documents protected by attorney-client privilege and the work product doctrine. In addition, the request seeks documents that are not relevant to the claims and defenses in this matter, including, but not limited to, requesting documents regarding prior state court actions not at issue herein. No search will be performed for responsive documents.

*Request for Production No. 8:*

All communications between Jennifer Reynolds and/or Ricardo Gianvito and Jake C. Blanchard, Esq. of Blanchard Law, PA, from October 1, 2023, through March 31, 2024, regarding the proposed sale of Jenergy Air Services, LLC, the February 14-15, 2024 events, and the decision to retain new counsel.

*Plaintiffs' Response to Request No. 8:*

Objection. This request seeks documents protected by attorney-client privilege and the work product doctrine. In addition, the request seeks documents that are not relevant to the claims and defenses in this matter, including, but not limited to, requesting documents regarding prior state court actions not at issue herein. No search will be performed for responsive documents.

*Request for Production No. 9:*

All documents reflecting the social media posting by Ricardo Gianvito seeking a contract attorney for litigation against Defendant, including the posting itself, all responses received, and any communications with attorneys who responded to the posting. Defendant has information indicating this posting was made prior to February 15, 2024, before the parties' business relationship was terminated.

*Plaintiffs' Response to Request No. 9:*

Objection. This request seeks documents that are not relevant to claims and defenses in this matter. Communications with attorneys, if any, who responded to the posting, are protected by attorney-client privilege and the work product doctrine.

### C. Speculative "may seek" privilege invocations: Requests 16, 19, and 23.

*Request for Production No. 16:*

All documents reflecting Jenergy Air Services, LLC's revenues, expenses, and net income from March 1, 2024, through the present, including tax returns, profit and loss statements, and bank statements. These documents are relevant to Plaintiffs' claim that Defendant's conduct caused $300,000 in damages to the business.

*Plaintiffs' Response to Request No. 16:*

Objection. This request is not limited to the relevant time period. It is also so overly broad that it may seek documents containing confidential and proprietary business information. By seeking "all documents" the request is so facially overbroad that it may seek documents containing confidential and proprietary business information and documents protected by accountant-client privilege, attorney-client privilege, the work product doctrine, or other applicable privilege. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

*Request for Production No. 19:*

All documents reflecting any insurance claims filed by Jenergy Air Services, LLC or Jennifer Reynolds relating to any conduct alleged in the Adversary Complaint, including claims for business interruption, theft, property damage, or any other coverage.

*Plaintiffs' Response to Request No. 19:*

Objection. This request seeks documents that are not relevant to the claims or defenses in this matter and are inadmissible pursuant to the collateral source rule. It is also so overly broad that it may seek documents protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

23

*Request for Production No. 23:*

All documents relating to the events of February 14-15, 2024, including but not limited to Jennifer Reynolds' February 14, 2024 email to Defendant, any communications between Jennifer Reynolds and Ricardo Gianvito regarding the decision to enter Jenergy's premises and remove Defendant's team, and any photographs or video recordings taken at the premises on February 15, 2024.

*Plaintiffs' Response to Request No. 23:*

Objection. This request is vague and fails to identify a category of document with reasonable particularity in requesting "all documents relating to the events of February 14-15, 2024." It is also so overly broad that it may seek documents protected by attorney-client privilege, the work product doctrine, marital privilege, or other protection. As to the request for the February 14, 2024, email requested, see Plaintiffs' response to Request No. 21. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. As to the remainder of the request, as a result of the objections, no search for responsive documents will be performed.

### D. Marital privilege without a log: Request 25.

*Request for Production No. 25:*

All communications between Jennifer Reynolds and any current or former Jenergy Air Services, LLC employee or contractor regarding Defendant from February 15, 2024, through the present, including but not limited to emails, text messages, and verbal statements reduced to writing, regarding Defendant's conduct, character, business practices, or this litigation.

*Plaintiffs' Response to Request No. 25:*

Objection. This request is so overly broad that it may encompass documents protected by marital privilege. It is also vague and overly broad with regard to the phrase "contractor," e.g., it may seek privileged communications with retained attorneys or accountants. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. Plaintiffs agree to produce text messages between Jennifer Reynolds and Robert Adams (Jenergy 001-095). Plaintiffs are withholding responsive text messages with Cale Mazarz and Joel Reynolds pending entry of an appropriate protective order. As to the remainder of the request, no search will be performed on the basis of the objections.

## E.  Multiple privileges, including marital and accountant-client, asserted to law-firm engagement records: Requests 27 to 30 (quoted in Count 1, Subsection D, above).

The verbatim text of Plaintiffs' identical response to each of Requests 27, 28, 29, and 30 is reproduced in Count 1, Subsection D, above. The response invokes "attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests." Plaintiffs concluded each response with "No search for responsive documents will be performed."

## F.  Argument: Rule 26(b)(5)(A) requires a log; absent one, the invocations are unsupported.

Reasons the privilege objections should be overruled or, in the alternative, why Plaintiffs should be compelled to log on pain of waiver. Federal Rule of Civil Procedure 26(b)(5)(A) is mandatory, not discretionary. The rule requires that a party withholding information on the basis of privilege or trial-preparation protection must (i) expressly make the claim, and (ii) "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs have done the first half (express claim) and not the second half (description sufficient to assess). Across twelve specific responses and one global General Objection H, Plaintiffs have not identified a single document withheld, a single author or recipient, a single date, or a single subject matter. Defendant cannot assess the privilege; the Court cannot test it.

Doc 58 reinforces the textual rule. Plaintiffs' Motion to Compel against Defendant (Doc 43) succeeded in part because Defendant's privilege assertions did not survive the Court's

analysis under the established doctrines. See Doc. No. 58, at 2 (overruling common interest doctrine where the withheld documents "are not communications between counsel"); id. (overruling attorney-client privilege as to a non-lawyer). Symmetric application requires Plaintiffs' assertions to be tested against the same Rule 26(b)(5)(A) standard, on a log that lets Defendant and the Court assess each claim.

Speculative "may seek" invocations cannot suspend Rule 34. Plaintiffs' Responses to Requests 16, 19, 23, and 25 do not say privilege applies; they say privilege "may" apply. A speculation that a request "may seek" privileged material is not a privilege claim. Plaintiffs must conduct the search, identify documents responsive to the request, and then determine on a document-by-document basis whether any privilege actually applies. The proper procedure is search, then log, not refuse-to-search.

Marital privilege and accountant-client privilege are facially inapplicable to law-firm engagement records (Second Set Requests 27 to 30). Florida's marital privilege under Florida Statute section 90.504 protects confidential communications between spouses during marriage. Florida's accountant-client privilege under Florida Statute section 90.5055 protects communications between accountant and client made in confidence for the purpose of seeking accounting advice. Neither privilege reaches retainer agreements, engagement letters, matter-opening documents, or law-firm billing records with Beltran Litigation. These are not spousal communications. They are not communications between an accountant and a client for accounting advice. The invocation of these privileges to law-firm engagement records, asserted in the same paragraph as attorney-client privilege, signals overreach. The Court should overrule them as facially inapplicable as a matter of law, even before a log is served.

Florida's accountant-client privilege is narrowly construed under federal-court practice. Florida Statute section 90.5055 protects only confidential communications between an accountant and a client made for the purpose of seeking accounting advice. The privilege does not reach an accountant's own work-product, valuation memoranda, or financial assessments. Request 10 specifically reaches "any valuation prepared in connection with the Marital Settlement Agreement between Jennifer Reynolds and Joel Reynolds," a valuation that, if produced, would speak directly to the value of Jenergy at the relevant time. Plaintiffs' refusal to search at all, behind a categorical accountant-client invocation and without a log, is not a Rule 34 response. Even if some communications with Mr. Kessenich were protected by Florida's narrowly construed privilege, the responding party must identify what was withheld in compliance with Rule 26(b)(5)(A).

Pre-termination communications with prior counsel (Request 8) and Gianvito's pre-termination solicitation of new counsel (Request 9) bear directly on the fraud and breach claims that ground this case. The pre-termination communications speak to state-of-mind and to what Plaintiffs knew during the negotiation period the Adversary Complaint puts at issue. Whether attorney-client privilege actually applies to communications between Reynolds, Gianvito, and prior counsel turns on a factual record that does not exist on the present invocations. A privilege log will permit the Court to test the claim document by document.

Gianvito-Beltran communications (Request 6) rest on a threshold question that cannot be answered without information: who is the client? The named Plaintiffs are Jenergy Air Services and Jennifer Reynolds. Ricardo Gianvito is not a Plaintiff. He is the spouse of Jennifer Reynolds and is described by Plaintiffs' own filings as actively involved in the litigation. The privilege Plaintiffs invoke to Gianvito-Beltran communications presupposes Gianvito is the client, but

Plaintiffs have not identified the basis on which that presupposition rests. A privilege log identifying the basis for each privilege claim will permit the Court to test it.

## G. Remedy: Compel-or-waive.

Defendant proposes a graduated remedy. The Court should order Plaintiffs to serve a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A) within fourteen days of order. The log should identify, for each document withheld: the date; the author and any recipients; a description of the subject matter sufficient to assess the privilege claim without revealing the privileged content; and the specific privilege asserted. The Court should further order that failure to timely serve a complete log waives the privilege as to the responsive documents. This graduated remedy gives Plaintiffs an opportunity to cure and Defendant a clean ground to seek waiver if cure is not forthcoming.

As to Second Set Requests 27 through 30, the Court should overrule the assertion of marital privilege and accountant-client privilege as facially inapplicable to law-firm engagement records, as a matter of law, without awaiting a log. Defendant reserves the alternative argument that, under Eleventh Circuit and Middle District of Florida case law on Rule 26(b)(5)(A) compliance, Plaintiffs' categorical assertion of privilege without a log, made on May 11 and May 13 and continuing through the date of this motion, is itself a sufficient ground to find waiver now. Defendant does not press that alternative as primary relief, in deference to the more conservative compel-or-waive framework, but the alternative is preserved for any case in which the Court is prepared to find waiver outright.

## H. Relief sought on Count 2.

Defendant respectfully requests that the Court enter an order: (1) compelling Plaintiffs to serve a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A) within fourteen

*28*

days, identifying each document withheld and the basis for the claim; (2) ordering that failure to timely serve a complete log waives the privilege as to the responsive documents; and (3) overruling, as facially inapplicable as a matter of law, the assertion of marital privilege and accountant-client privilege as to Second Set Requests 27, 28, 29, and 30 (law-firm engagement and billing records).

## VI.   COUNT 3: PLAINTIFFS CANNOT PLEAD SPECIFIC DAMAGES AND SIMULTANEOUSLY REFUSE TO PRODUCE THE DOCUMENTS SUPPORTING THEM

Count 3 is addressed to three requests that go to Plaintiffs' own pleaded damages: Request 11 (Jenergy QuickBooks data, the controlling transactional ledger for every damages figure); Request 15 ($300,000 in lost profits, pleaded in the Adversary Complaint); and Request 24 (five itemized damages line items totaling more than $40,000, pleaded to the cent in the Adversary Complaint). Each is quoted below in compliance with Local Rule 7037-1.

### Request for Production No. 11:

Complete QuickBooks data files or exports for Jenergy Air Services, LLC from January 1, 2022, through the present, including all general ledger entries, accounts receivable, accounts payable, payroll records, and bank reconciliations.

### Plaintiffs' Response to Request No. 11:

Objection. This request is not limited to the relevant time period and may seek confidential and proprietary business information. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

### Request for Production No. 15:

All documents supporting Plaintiffs' claim of $300,000 in "lost profits during the negotiation period caused by Adams's mismanagement," as set forth in the Summary of Damages in the Adversary Complaint, including but not limited to profit and loss statements, revenue reports, customer records, and any expert reports or analyses quantifying the alleged loss.

*Plaintiffs' Response to Request No. 15:*

Plaintiffs object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

**Request for Production No. 24:**

All documents supporting each specific item of damages claimed by Plaintiffs, including but not limited to: (a) the $20,813.40 attributed to Grace Construction Group; (b) the $13,345.22 reversed payment; (c) the $5,000 attributed to the Sheriff's Youth Ranch; (d) the $1,100 attributed to iPads; and (e) the $750 attributed to truck towing — including invoices, receipts, bank records, payment confirmations, and any communications with the identified payors or vendors.

*Plaintiffs' Response to Request No. 24:*

Objection. The request for "all documents" is facially vague and overly broad. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

Reasons the objections should be overruled. Plaintiffs pleaded each damages figure in their own Adversary Complaint. They cannot affirmatively claim $300,000 in lost profits, $20,813.40 attributed to Grace Construction Group, $13,345.22 in a reversed payment, $5,000 attributed to the Sheriff's Youth Ranch, $1,100 attributed to iPads, and $750 attributed to truck towing, while simultaneously withholding every document that would support those figures on the basis of (a) generalized confidentiality, (b) a "facially vague" objection to documents Plaintiffs identified to the cent in their own pleading, and (c) gating production behind a protective order Defendant has not signed and Plaintiffs have not obtained. Plaintiffs bear the burden of proving damages. A party that refuses to produce the records supporting its own pleaded damages cannot then introduce the damages at trial.

Symmetric application of Doc 58. The "confidential and proprietary" objection is the same family Doc 58 overruled when Defendant raised it. Doc. No. 58, at 2. Plaintiffs cannot revive a withholding theory the Court has already rejected in this case. The protective-order gating fails for the same reasons described in Count 1, Subsection C: Rule 26(c) places the burden of moving for a protective order on the party who seeks protection. Plaintiffs have not

moved for one as to Requests 11, 15, or 24; they cannot condition production on Defendant's signature to a draft they have not filed.

Vagueness is indefensible as to Request 24. Each damages figure in Request 24 is identified to the cent and tied to a specific payor or vendor: $20,813.40 to Grace Construction Group, $13,345.22 as a reversed payment, $5,000 to the Sheriff's Youth Ranch, $1,100 for iPads, and $750 for truck towing. Plaintiffs pleaded each line item with this same particularity in the Adversary Complaint's Summary of Damages. A request that mirrors the particularity of the pleading is not "facially vague." The documents the request reaches are invoices, receipts, bank records, payment confirmations, and communications with the identified payors or vendors. Those categories are the natural support for the pleaded figures.

QuickBooks is the master record. Request 11 seeks Jenergy's QuickBooks data files or exports for January 1, 2022 through the present, including general ledger entries, accounts receivable, accounts payable, payroll records, and bank reconciliations. Plaintiffs' claim is that Defendant misappropriated funds from Jenergy and caused $300,000 in lost profits to Jenergy. The QuickBooks ledger is the primary record of every transaction at issue. Plaintiffs cannot affirmatively allege financial misconduct and the resulting damages while withholding the controlling transactional record. The time-period objection ("not limited to the relevant time period") is misplaced: the case puts in issue the entire period before, during, and after the negotiation and termination events, and the QuickBooks data set is the only contemporaneous record that links transactions across the periods. Generalized "may seek confidential and proprietary business information" is the kind of objection Doc 58 overruled.

$300,000 lost-profits claim. Request 15 seeks documents supporting Plaintiffs' affirmatively pleaded $300,000 lost-profits claim, including profit and loss statements, revenue

reports, customer records, and any expert reports or analyses quantifying the alleged loss. Plaintiffs' entire response is the single sentence quoted above. There is no production, no relevance objection, no log of withheld documents, and no commitment to produce. Plaintiffs have effectively asked the Court to permit them to maintain a $300,000 damages claim while not producing any documents that support the figure. That is not a viable position under Rule 26(b) (1) and Rule 34, and it is not a viable position at trial.

Preclusion as alternative remedy. Federal Rule of Civil Procedure 37(b)(2)(A)(ii) authorizes evidentiary preclusion as a sanction for noncompliance with discovery orders. If Plaintiffs choose not to produce the supporting documents, they should be precluded at trial from offering any evidence in support of the pleaded damages categories addressed in Requests 11, 15, and 24. That is the symmetric remedy: production or preclusion. Doc 58's procedure followed the same logic against Defendant, with respect to the categories of documents the Court ordered produced; Defendant produced. The same procedure applied to Plaintiffs would require Plaintiffs to produce or accept the evidentiary consequence at trial.

**Relief sought on Count 3.**

Defendant respectfully requests that the Court enter an order: (1) compelling Plaintiffs to produce, within fourteen days of order, (a) complete QuickBooks data files or exports responsive to Request 11; (b) all documents supporting the $300,000 lost-profits damages claim responsive to Request 15; and (c) all documents supporting each of the five itemized damages line items responsive to Request 24; and (2) in the alternative, ordering that Plaintiffs are precluded from offering at trial any evidence in support of the damages categories addressed in Requests 11, 15, and 24 to the extent the supporting documents have not been produced.

## VII.  FEES AND COSTS UNDER FED. R. CIV. P. 37(a)(5)(A)

Federal Rule of Civil Procedure 37(a)(5)(A), made applicable here by Federal Rule of Bankruptcy Procedure 7037, requires the Court, after granting a motion to compel, to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, subject to enumerated exceptions. Fed. R. Civ. P. 37(a)(5)(A). Defendant requests fees and costs under that rule, to be quantified by separate application if this motion is granted in whole or in part.

The request mirrors the procedural posture of Doc 58. In Doc 58 the Court granted Plaintiffs' Motion to Compel in full and denied Plaintiffs' request for fees and sanctions "without prejudice." Doc. No. 58, at 3. Defendant requests parallel treatment here. Whether the Court ultimately awards fees turns on the Rule 37(a)(5)(A) exceptions, including whether Plaintiffs' nondisclosure was substantially justified. Defendant submits that the May 11 and May 13 responses are not substantially justified in light of Doc 58, but Defendant does not press for an immediate fee award; the request is preserved for separate application or for denial without prejudice in parallel with how the Court treated Plaintiffs' parallel request.

## VIII.  RESERVATION OF RIGHTS REGARDING SPOLIATION (SECOND SET REQUESTS 31 AND 32)

This motion does not seek relief on Second Set Requests 31 and 32, which concern records of the jenergyairservices.com Google Workspace domain and the jenergyreynolds.com email domain, respectively. Plaintiffs' May 13, 2026 response to Requests 31 and 32 contains factual assertions about Reynolds' Google administrator access, the disposition of the original jenergyair.com mailbox, and the disposition of the jenergyreynolds.com domain, but produces no

records. Those factual assertions are contested by Defendant. The cleanest procedural vehicle for the disputed factual record concerning preservation, destruction, or transfer of emails after litigation commenced on February 19, 2024 is a Rule 37(e) sanctions motion or a motion for adverse-inference sanctions, supported by declarations, screenshots, Google Workspace billing records, and identification of the person who authorized any deletion of the jenergyreynolds.com domain after February 19, 2024.

Defendant reserves the right to file a separate motion under Federal Rule of Civil Procedure 37(e), and applicable sanctions authority, addressing the preservation and disposition of emails on the jenergyreynolds.com domain and the administrative status of the jenergyair.com domain. Defendant further reserves the right to seek discovery of the Google Workspace billing and administration records of jenergyairservices.com on a developed record, by subpoena to Google or by subsequent motion. Nothing in this motion waives or limits those reserved rights.

## IX.  CONCLUSION

Plaintiffs have refused to substantively respond to twenty of thirty-two requests on a uniform set of objections this Court has already overruled in Doc 58. They have produced ninety-five pages of text messages and nothing else. They have not served a privilege log. They have not moved for a protective order on the categories they say require one. They cannot affirmatively plead damages while withholding the documents that support them. The disposition this Court reached against Defendant in Doc 58, applied symmetrically, requires the same disposition against Plaintiffs on the same record.

## WHEREFORE

WHEREFORE, Defendant Robert Edward Lee Adams, appearing pro se, respectfully requests that this Court enter an Order:

**A.** As to Count 1, overruling Plaintiffs' objections based on relevance, overbreadth, undue burden, vagueness, "premature," Article I, Section 23 financial privacy, and confidentiality or protective-order gating, as to First Set Requests 1, 2, 3, 5, 7, 12, 13, 14, 17, 18, 22, and 26, and Second Set Requests 27, 28, 29, and 30 (as to the non-privilege portions), and compelling Plaintiffs to conduct a reasonable search and produce all responsive documents within fourteen days of order, without conditioning production on Defendant's signature to a protective order;

**B.** As to Count 2, compelling Plaintiffs to serve a privilege log conforming to Federal Rule of Civil Procedure 26(b)(5)(A) within fourteen days, identifying each document withheld and the basis for the claim; ordering that failure to timely serve a complete log waives the privilege as to the responsive documents; and overruling, as facially inapplicable as a matter of law, the assertion of marital privilege and accountant-client privilege as to Second Set Requests 27, 28, 29, and 30 (law-firm engagement and billing records);

**C.** As to Count 3, compelling Plaintiffs to produce, within fourteen days of order, (i) complete QuickBooks data files or exports responsive to Request 11; (ii) all documents supporting the $300,000 lost-profits damages claim responsive to Request 15; and (iii) all documents supporting each of the five itemized damages line items responsive to Request 24; or, in the alternative, precluding Plaintiffs from offering at trial any evidence in support of the damages categories addressed

in Requests 11, 15, and 24 to the extent the supporting documents have not been produced;

D. Awarding Defendant reasonable expenses incurred in making this motion, including attorneys' fees, under Federal Rule of Civil Procedure 37(a)(5)(A), in an amount to be determined on separate application, or, in parallel with the procedural posture of Doc 58, denying the fee request without prejudice;

E. Reserving Defendant's right to file a separate motion under Federal Rule of Civil Procedure 37(e) regarding the preservation and disposition of emails on the jenergyreynolds.com domain and the administrative status of the jenergyair.com domain (Second Set Requests 31 and 32), with no waiver of those rights by the filing of this motion; and

F. Granting such further relief as the Court deems just and proper.

Respectfully submitted,

Robert Edward Lee Adams
1214 Middlesex Drive
Trinity, FL 34655
Telephone: 727-641-7422
Email: robert.adams@mac.com
Defendant, Pro Se

Dated: May 26, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2026, a true and correct copy of the foregoing, together with exhibits, was filed in person with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. A true and correct copy was further served on Plaintiffs' counsel via email at mike@beltranlitigation.com and via first class U.S. Mail addressed to:

> Michael P. Beltran, Esq.
> Beltran Litigation, P.A.
> 4920 W. Cypress St., Suite 104, PMB 5089
> Tampa, FL 33607-3827
> *Counsel for Plaintiffs*

_____

Robert Edward Lee Adams, Pro Se

## INDEX OF EXHIBITS

The following exhibits are filed in support of this motion and are submitted in the accompanying MTC_Exhibits compilation:

**Exhibit A.**  Plaintiffs' Responses to Defendant Adams' First Set of Requests for Production of Documents (served May 11, 2026). Eleven pages. The foundational evidentiary record for Count 1 (boilerplate objections), Count 2 (privilege without log), and Count 3 (damages records withheld). Accompanied by Bates production Jenergy 0001 to 0095 (text messages between Jennifer Reynolds and Robert Adams).
*Source file: Project source: _existing_organization/03 - Discovery Received/2026-05-11 Pl Responses to RFPD Set 1.pdf*

**Exhibit B.**  Plaintiffs' Responses to Defendant Adams' Second Set of Requests for Production of Documents (served May 13, 2026). Six pages. The foundational evidentiary record for the Second Set arm of Count 1 (Requests 27 through 30, Beltran engagement records) and for Count 2 (privilege without log on Requests 27 through 30). No documents produced.
*Source file: Project source: _existing_organization/03 - Discovery Received/Responses to Second RFPD 05.13.26.pdf*

**Exhibit C.**  Defendant's Meet-and-Confer Letter v4, transmitted to Plaintiffs' counsel May 19, 2026. Sets the May 21, 2026 close-of-business response deadline. Identifies each deficiency in Plaintiffs' May 11 and May 13 responses and requests specific cures. The operative conferral letter for purposes of Local Rule 7026-1(d).
*Source file: Project source: Doc58_Production/M_and_C_Letter_v4_2026-05-19.pdf*

**Exhibit D.**  Plaintiffs' written response to Defendant's May 19, 2026 meet-and-confer letter (Letter v4), being the email from Anastasia Wagner to Defendant dated May 21, 2026, 3:30 p.m. Eastern, subject "Re: Adams v. Jenergy - Meet-and-Confer Re: Discovery Responses." Documents that Plaintiffs responded to the conferral letter but did not commit to any cure, did not address any specific deficiency, and threatened a separate sanctions motion. Closes the Local Rule 7026-1(d) conferral record.
*Source file: Project source: Doc58_Production/MTC_Exhibits/Exhibit_D_Wagner_Response_2026-05-21.pdf*

**Exhibit E.**  Order Granting Plaintiffs' Motion to Compel and for Attorney Fees and Sanctions (Doc 58), entered by the Honorable Catherine Peek McEwen on May 6, 2026. Three pages. The controlling local authority for Counts 1, 2, and 3. Overruled Defendant's boilerplate objections (relevance, overbreadth, undue burden, proportionality, vagueness, assuming facts); held that Defendant's personal finances are directly relevant to the claims and defenses; overruled the Article I, Section 23 financial-privacy theory;

overruled common interest doctrine where the withheld documents are not communications between counsel; overruled attorney-client privilege and work-product as to communications with a non-lawyer.

*Source file: Project source: _existing_organization/01 - Pleadings/AP Doc 58 Order Granting MTC.pdf*

# **EXHIBIT A**

Plaintiffs' Responses to Defendant's First Set of Requests for
Production
May 11, 2026

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,

Adv. Proc. No.: 8:25-ap-00296-CPM

_____/

Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

     Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

     Defendant

_____/

## PLAINTIFFS' RESPONSES TO DEFENDANT ADAMS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, JENERGY AIR SERVICES, LLC ("**Jenergy**") and JENNIFER REYNOLDS ("**Reynolds**") (collectively "**Plaintiffs**"), hereby respond to Defendant's Requests for Production.

### GENERAL OBJECTIONS

Plaintiffs object to these Requests on the following bases. Each objection is incorporated into the answer to each request below, to the extent applicable, whether or not it is referred to therein.

A.    These requests seek documents in the possession of, known to, or otherwise equally available to the requesting party.

B.    These requests seek documents available from third parties but not within possession, custody, or control of the responding party.

C.    These requests are premature.

D.    These requests seek documents that are confidential and/or proprietary information. The documents sought contain sensitive information and disclosure would compromise personal or business confidentiality.

E.    The requests should be deferred until other discovery is complete.

1

F.      These requests are premature because the parties have not fully completed discovery. In fact, discovery has barely started because Defendant refuses and fails to provide proper and complete discovery responses. Further discovery, legal research, and analysis may supply additional information. The responding party reserves the right to supplement these responses at trial.

G.      The requests ask for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

H.      These requests seek documents protected by attorney-client privilege, the work product doctrine, accountant-client privilege, marital privilege, and other applicable privileges and protections, including Article I Section 23 of the Florida Constitution and general privacy interests.

I.      Plaintiffs also object to producing documents without protection of a confidentiality or protective order. A draft protective order was provided to Defendant on May 8, 2026, but at the time of finalization, no response has been received.

J.      Plaintiff reserves the right to supplement all responses as discovery proceeds, or to introduce new documents identified in discovery and investigation.

## SPECIFIC OBJECTIONS AND RESPONSES

1)      All records of payments received by Jennifer Reynolds and/or Jenergy Air Services, LLC

through Venmo, Cash App, Zelle, PayPal, or any other peer-to-peer payment platform, including

but not limited to transaction histories, account statements, and payment confirmations, from

January 1, 2022, through the present.

**Response:** To the extent this request seeks documents regarding payments to Jennifer Reynolds' personal Venmo, Cash App, Zelle, etc., Plaintiffs object on the basis that Reynolds' personal finances are not relevant to any claims or defenses in this matter and are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. The time period is also overly broad, as the claims at issue concern events occurring between October 2023 and February 14, 2024. On the basis of the objections, Plaintiffs will not search for documents pertaining to Reynolds' personal accounts.

As to Jenergy, Plaintiffs reiterate their objection to the overly broad time period. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order. A draft motion and protective order was provided to Defendant on May 8, 2026, which he declined to sign.

2)      All documents and records relating to the Facebook group known as "Seminole

Happenings," including but not limited to: records of membership fees or premium membership

payments received; bank, Venmo, Cash App, Zelle, or PayPal records reflecting income from

2

said group; any tax returns, 1099 forms, or other tax documents reflecting income from said group; and all communications regarding the monetization of said group.

**Response:** Plaintiffs object to this request, as this Facebook group is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. Given Joel Reynolds' attempt to intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. In any event, it is not relevant to the claims and defenses in this matter. Moreover, Reynolds' personal finances are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs will not search for responsive documents.

3)     All documents reflecting income received by Jennifer Reynolds from any source other than Jenergy Air Services, LLC from January 1, 2022, through the present, including but not limited to income from social media platforms, Facebook groups, consulting, side businesses, or any other business activity, whether or not reported on tax returns.

**Response:** Plaintiffs object to this request, as it is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. Given Joel Reynolds' attempt to intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. Moreover, Reynolds' personal finances are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order.

4)     All communications between Jennifer Reynolds, Ricardo Gianvito, and/or any representative of Jenergy Air Services, LLC and Matt Kessenich, including but not limited to emails, text messages, and letters, regarding the valuation, financial condition, or accounting of Jenergy Air Services, LLC.

**Response:** Plaintiffs object to this request on the basis that communications with Matt Kessenich are protected by accountant-client privilege. Some communications may also be protected by the work product doctrine. The request is not limited to the relevant time period, and is vague and overly broad in scope, e.g., it requests communications with an accountant about "accounting." Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order.

3

5)      All documents relating to any change in the Employer Identification Number (EIN) of Jenergy Air Services, LLC, including but not limited to IRS Form SS-4 applications, IRS correspondence, and any internal communications regarding the decision to obtain a new EIN.

**Response:** Plaintiffs object to this request, as it is not relevant to Plaintiffs' claims that Defendant defrauded them and stole their property. There are no claims or defenses concerning a change in Jenergy's EIN. Plaintiffs also object to producing documents that contain confidential and proprietary business information without protection of a confidentiality or protective order. Plaintiffs will not search for responsive documents.

6)      All communications between Ricardo Gianvito and Michael P. Beltran, Esq. regarding this adversary proceeding, the underlying bankruptcy case, or the related state court actions, including but not limited to emails, text messages, and letters reflecting litigation strategy, settlement discussions, or case management decisions.

**Response:** Objection. This request seeks documents protected by attorney-client privilege and the work product doctrine. In addition, the request seeks documents that are not relevant to the claims and defenses in this matter, including, but not limited to, requesting documents regarding prior state court actions not at issue herein. No search will be performed for responsive documents.

7)      All documents reflecting payments made by Ricardo Gianvito for legal fees, costs, or expenses in connection with this adversary proceeding, the underlying bankruptcy case, or the related state court actions (Case Nos. 24-CA-000808 and 25-000039-CI), including invoices, checks, wire transfers, and credit card statements.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. Even if relevant, such discovery would be premature at this time. No search will be performed for responsive documents.

8)      All communications between Jennifer Reynolds and/or Ricardo Gianvito and Jake C. Blanchard, Esq. of Blanchard Law, PA, from October 1, 2023, through March 31, 2024, regarding the proposed sale of Jenergy Air Services, LLC, the February 14-15, 2024 events, and the decision to retain new counsel.

4

**Response:** Objection. This request seeks documents protected by attorney-client privilege and the work product doctrine. In addition, the request seeks documents that are not relevant to the claims and defenses in this matter, including, but not limited to, requesting documents regarding prior state court actions not at issue herein. No search will be performed for responsive documents.

9)      All documents reflecting the social media posting by Ricardo Gianvito seeking a contract attorney for litigation against Defendant, including the posting itself, all responses received, and any communications with attorneys who responded to the posting. Defendant has information indicating this posting was made prior to February 15, 2024, before the parties' business relationship was terminated.

**Response:** Objection. This request seeks documents that are not relevant to claims and defenses in this matter. Communications with attorneys, if any, who responded to the posting, are protected by attorney-client privilege and the work product doctrine.

10)      All documents reflecting any valuation, appraisal, or financial assessment of Jenergy Air Services, LLC prepared by or at the direction of Matt Kessenich, any accountant, or any financial advisor, from January 1, 2022, through the present, including but not limited to any valuation prepared in connection with the Marital Settlement Agreement between Jennifer Reynolds and Joel Reynolds.

**Response:** Objection. This request seeks documents protected by accountant-client privilege. The request is also so overly broad that it may seek documents protected by attorney-client privilege or the work product doctrine. The request is not limited to the relevant time period. No search for responsive documents will be performed.

11)      Complete QuickBooks data files or exports for Jenergy Air Services, LLC from January 1, 2022, through the present, including all general ledger entries, accounts receivable, accounts payable, payroll records, and bank reconciliations.

**Response:** Objection. This request is not limited to the relevant time period and may seek confidential and proprietary business information. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

5

12)    All data exports from Service Titan or any other customer relationship management (CRM) software used by Jenergy Air Services, LLC, including customer lists, job histories, invoicing records, and technician dispatch records, from January 1, 2023, through the present.

**Response:** Objection. This request is not limited to the relevant time period and may seek confidential and proprietary business information. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

13)    All bank statements for any personal bank account of Jennifer Reynolds through which Jenergy Air Services, LLC business funds were deposited or from which Jenergy business expenses were paid, from January 1, 2022, through the present.

**Response:** Objection. Reynolds' personal bank statements are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests. They are also not relevant to this matter, as no claims or defenses allege Reynolds' improperly deposited funds or paid business expenses with personal funds. Rather, Defendant alleges the opposite – that Reynolds purportedly paid personal expenses out of business accounts. Plaintiffs also object that the request is overly broad in scope (not limited to relevant entries) and time period (not limited to October 2023-February 14, 2024). Plaintiffs also object to producing documents containing private information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

14)    All credit card statements for the Chase and Capital One credit cards referenced in Paragraph 84 of the Adversary Complaint, from January 1, 2023, through February 28, 2024, including statements reflecting charges made by Defendant, Jennifer Reynolds, and/or any Jenergy employee during the negotiation and transition period.

**Response:** Objection. This request is not limited to the relevant time period. It also seeks documents that are not relevant to the claims and defenses in this matter. Plaintiffs also object to producing documents containing private information without protection of a confidentiality or protective order.

15)    All documents supporting Plaintiffs' claim of $300,000 in "lost profits during the negotiation period caused by Adams's mismanagement," as set forth in the Summary of Damages in the Adversary Complaint, including but not limited to profit and loss statements, revenue reports, customer records, and any expert reports or analyses quantifying the alleged loss.

6

**Response:** Plaintiffs object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

16)    All documents reflecting Jenergy Air Services, LLC's revenues, expenses, and net income from March 1, 2024, through the present, including tax returns, profit and loss statements, and bank statements. These documents are relevant to Plaintiffs' claim that Defendant's conduct caused $300,000 in damages to the business.

**Response:** Objection. This request is not limited to the relevant time period. It is also so overly broad that it may seek documents containing confidential and proprietary business information. By seeking "all documents" the request is so facially overbroad that it may seek documents containing confidential and proprietary business information and documents protected by accountant-client privilege, attorney-client privilege, the work product doctrine, or other applicable privilege. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

17)    All documents relating to any Employee Retention Credit (ERC) application filed by or on behalf of Jenergy Air Services, LLC, including the application, any correspondence with the IRS, any funds received, and any documents reflecting the disposition of said funds. Jennifer Reynolds represented in her October 20, 2023 counteroffer that $245,000 in ERC funds were due to Jenergy within 6 to 9 months.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. It is also overly broad, as it seeks documents beyond February 14, 2024. For example, how Jenergy used the funds, if received, after February 14, 2024, is of no relevance to Defendant's defenses. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

18)    All documents relating to Jennifer Reynolds' own application for a Small Business Administration loan for Jenergy Air Services, LLC, as referenced in Paragraph 28 of the Adversary Complaint, including the loan application, correspondence with American Momentum Bank or any other lender, and any approval, denial, or conditional approval letters.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter. It is also so overly broad that it may seek documents protected by

accountant-client privilege and, as to any documents pertaining to Reynolds' personal finances, Article 1, Section 23, Florida Constitution, and general privacy interests. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

19) All documents reflecting any insurance claims filed by Jenergy Air Services, LLC or Jennifer Reynolds relating to any conduct alleged in the Adversary Complaint, including claims for business interruption, theft, property damage, or any other coverage.

**Response:** Objection. This request seeks documents that are not relevant to the claims or defenses in this matter and are inadmissible pursuant to the collateral source rule. It is also so overly broad that it may seek documents protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

20) All communications between Jennifer Reynolds and/or Ricardo Gianvito and Joey Deeb of Templar Construction regarding Defendant, including but not limited to any communications in which Jennifer Reynolds or Ricardo Gianvito discussed Defendant's business activities, financial condition, or this litigation.

**Response:** Plaintiffs do not possess documents responsive to this request.

21) All emails and text messages between Jennifer Reynolds and Defendant from October 1, 2023, through February 28, 2024, including but not limited to emails with subject lines referencing system credentials, account access, operational directives, and closing preparations. To the extent Plaintiffs contend that Defendant obtained unauthorized access to Jenergy systems, these communications are directly relevant to the defense of authorization. Defendant has produced his copies of these communications and requests that Plaintiffs produce theirs.

**Response:** As Defendant is aware, these emails were deleted from Jenergy's account due to Defendant's improper removal of Reynolds' Google administrator access, improper withholding of Jenergy's Google account login information, and disabling of entire accounts – resulting in account deactivation and email deletion – while in the sole possession of administrator

credentials. No responsive emails exist in Plaintiffs' possession other than those produced by Defendant. Text messages will be produced.

22)  All federal and state tax returns filed by or on behalf of Jenergy Air Services, LLC from 2020 through the present, including all schedules, K-1 forms, and any amended returns.

**Response:** Objection. This request is not limited to the relevant time period. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order.

23)  All documents relating to the events of February 14-15, 2024, including but not limited to Jennifer Reynolds' February 14, 2024 email to Defendant, any communications between Jennifer Reynolds and Ricardo Gianvito regarding the decision to enter Jenergy's premises and remove Defendant's team, and any photographs or video recordings taken at the premises on February 15, 2024.

**Response:** Objection. This request is vague and fails to identify a category of document with reasonable particularity in requesting "all documents relating to the events of February 14-15, 2024." It is also so overly broad that it may seek documents protected by attorney-client privilege, the work product doctrine, marital privilege, or other protection. As to the request for the February 14, 2024, email requested, see Plaintiffs' response to Request No. 21. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. As to the remainder of the request, as a result of the objections, no search for responsive documents will be performed.

24)  All documents supporting each specific item of damages claimed by Plaintiffs, including but not limited to: (a) the $20,813.40 attributed to Grace Construction Group; (b) the $13,345.22 reversed payment; (c) the $5,000 attributed to the Sheriff's Youth Ranch; (d) the $1,100 attributed to iPads; and (e) the $750 attributed to truck towing — including invoices, receipts, bank records, payment confirmations, and any communications with the identified payors or vendors.

**Response:** Objection. The request for "all documents" is facially vague and overly broad. Plaintiffs also object to producing documents without protection of a confidentiality or protective order.

9

25)     All communications between Jennifer Reynolds and any current or former Jenergy Air Services, LLC employee or contractor regarding Defendant from February 15, 2024, through the present, including but not limited to emails, text messages, and verbal statements reduced to writing, regarding Defendant's conduct, character, business practices, or this litigation.

**Response:** Objection. This request is so overly broad that it may encompass documents protected by marital privilege. It is also vague and overly broad with regard to the phrase "contractor," e.g., it may seek privileged communications with retained attorneys or accountants. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. Plaintiffs agree to produce text messages between Jennifer Reynolds and Robert Adams (Jenergy 001-095). Plaintiffs are withholding responsive text messages with Cale Mazarz and Joel Reynolds pending entry of an appropriate protective order. As to the remainder of the request, no search will be performed on the basis of the objections.

26)     All documents relating to the formation, operations, and finances of Jenergy Media LLC (Florida Document # L24000207914, filed May 3, 2024), including but not limited to: Articles of Organization, operating agreements, bank statements, tax returns, profit and loss statements, customer lists, invoices, contracts, and any documents reflecting the transfer or migration of customers, employees, contracts, revenue streams, intellectual property, social media accounts, or business operations from Jenergy Air Services, LLC to Jenergy Media LLC or any other entity owned or controlled by Jennifer Reynolds.

**Response:** Objection. This request is not relevant to the claims and defenses in this matter. The entity did not exist at the time of the events at issue herein, nor has Defendant claimed he owns an interest in the entity. Given Joel Reynolds' attempt to intervene in this case, and Adams' spurious claim of a common interest privilege with Joel, and their apparent and admitted collaboration, it is possible Adams has propounded this discovery at the behest of Joel, for some other purpose. Plaintiffs also object to producing documents containing confidential or proprietary business information without protection of a confidentiality or protective order. No search for responsive documents will be performed.

Served: May 11, 2026.

Respectfully submitted,

*/s/ Michael Paul Beltran*
Michael P. Beltran (Fla. Bar No. 93184)
Beltran Litigation
4920 W. Cypress St., Ste 104
PMB 5089
Tampa, FL 33607-3827
813-870-3073
mike@beltranlitigation.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I serve a copy of the on the Defendant Debtor, via email and U.S. Mail at:

Robert Edward Lee Adams
1214 Middlesex Dr.
Trinity, FL 34685
robert@smv.llc
robert.adams@mac.com

*/s/ Michael Paul Beltran*
Michael P. Beltran

11

# EXHIBIT B

Plaintiffs' Responses to Defendant's Second Set of Requests for
Production

May 13, 2026

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,                    Adv. Proc. No.: 8:25-ap-00296-CPM

_____ /                   Related Case No. 8:25-bk-02056-CPM
                                                      Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

         Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

         Defendant

_____ /

## PLAINTIFFS' RESPONSES TO DEFENDANT ADAMS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, JENERGY AIR SERVICES, LLC ("**Jenergy**") and JENNIFER REYNOLDS ("**Reynolds**") (collectively "**Plaintiffs**"), hereby respond to Defendant's Second Requests for Production.

### GENERAL OBJECTIONS

Plaintiffs object to these Requests on the following bases. Each objection is incorporated into the answer to each request below, to the extent applicable, whether or not it is referred to therein.

A.      These requests seek documents in the possession of, known to, or otherwise equally available to the requesting party.

B.      These requests seek documents available from third parties but not within possession, custody, or control of the responding party.

C.      These requests are premature.

D.      These requests seek documents that are confidential and/or proprietary information. The documents sought contain sensitive information and disclosure would compromise personal or business confidentiality.

1

E.      The requests should be deferred until other discovery is complete.

F.      These requests are premature because the parties have not fully completed discovery. In fact, discovery has barely started because Defendant refuses and fails to provide proper and complete discovery responses. Further discovery, legal research, and analysis may supply additional information. The responding party reserves the right to supplement these responses at trial.

G.      The requests ask for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests.

H.      These requests seek documents protected by attorney-client privilege, the work product doctrine, accountant-client privilege, marital privilege, and other applicable privileges and protections, including Article I Section 23 of the Florida Constitution and general privacy interests.

I.      Plaintiffs also object to producing documents without protection of a confidentiality or protective order. A draft protective order was provided to Defendant on May 8, 2026, but at the time of finalization, no response has been received.

J.      Plaintiff reserves the right to supplement all responses as discovery proceeds, or to introduce new documents identified in discovery and investigation.

## SPECIFIC OBJECTIONS AND RESPONSES

27)     All retainer agreements, engagement letters, fee arrangements, and any amendments thereto between Plaintiffs, Jennifer Reynolds (a/k/a Jennifer Freyeisen, a/k/a Jennifer Gianvito), Ricardo Gianvito, and/or any entity owned or controlled by Jennifer Reynolds or Ricardo Gianvito, and Beltran Litigation, P.A. and/or Michael P. Beltran, Esq., including but not limited to documents identifying the client(s), the scope of engagement, fee structure, billing arrangements, and any documents reflecting Ricardo Gianvito's role in or authority over the representation.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

28)     All documents relating to the matter identified in Beltran Litigation's billing records as "Reynolds Restoration" or Matter No. 00085-Reynolds, including any engagement letters,

2

retainer agreements, or internal matter-opening documents reflecting the scope of the engagement, the identity of the client(s), and the subject matter of the representation.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

29)   All documents relating to Beltran Litigation's billing Matter No. 00127-(Reynolds) Gianvito, including any engagement letters, retainer agreements, billing statements, and any documents reflecting the relationship between this matter and Matter No. 00085-Reynolds or the adversary proceeding.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

30)   All unredacted billing statements, invoices, and time entries generated by Beltran Litigation, P.A. in connection with the representation of Plaintiffs in Case No. 24-CA-000808, Case No. 25-000039-CI, and Adversary Proceeding No. 8:25-ap-00296-CPM. Plaintiffs have submitted partially redacted composite invoices to the state court in support of their fee application; Defendant requests the complete, unredacted versions of those invoices, as well as any invoices not previously submitted to the state court.

**Response:** Objection. This request seeks documents that are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein. It also seeks documents protected by attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests. No search for responsive documents will be performed.

3

31)    All documents relating to the creation, setup, and administration of the Google Workspace domain jenergyairservices.com, including but not limited to: the date of domain registration, the identity of the person who registered the domain, any data migration from the prior jenergyair.com domain, Google Workspace subscription or billing records, and any communications regarding the decision to create a new domain rather than restore access to the original jenergyair.com domain. This request also includes all documents reflecting the status of the original jenergyair.com Google Workspace domain, including whether that domain remains active, whether emails or data stored on that domain have been preserved, deleted, or transferred, and any communications with Google regarding account recovery or data retrieval for either domain. Defendant has confirmed that the jenergyair.com domain remains active and operational as of the date of this request. Plaintiffs are therefore in possession of the original Google Workspace containing nine years of Jenergy business emails and are directed to produce responsive documents from that domain.

**Response:** Objection. Defendant caused the disablement of Reynolds' account, which resulted in significant data loss. Defendant also removed Reynolds' administrator access and refused to provide login credentials. Moreover, even if responsive documents existed, this request is overly broad in scope and is not limited the allegations in the Complaint or defenses in the Amended Answer. Moreover, it is not limited to the relevant time period. Plaintiffs also object to producing responsive documents without protection of a confidentiality or protective order. Moreover, this request seeks documents that are unduly burdensome for Plaintiffs to obtain (if they can be obtained at all on the user end) and more appropriately sought thorough a properly drafted subpoena.

32)    All documents relating to the email domain jenergyreynolds.com, including but not limited to: the date the domain was registered, the identity of the account holder and administrator, the date the domain was deactivated or deleted, the identity of the person who authorized the deactivation or deletion, whether any emails or data were exported or preserved prior to deactivation, and any communications with the domain registrar or email hosting provider

4

regarding the domain's status. This request includes all documents reflecting whether jenergyreynolds.com was configured as a standalone email account or as an alias domain on the jenergyair.com or jenergyairservices.com Google Workspace, and if so configured as an alias, whether emails received through the jenergyreynolds.com address remain stored in the primary mailbox. This request also includes all documents reflecting the reasons for deactivating or deleting the jenergyreynolds.com email domain, and any communications regarding the preservation or destruction of emails stored on or received through that domain after litigation was commenced on February 19, 2024.

**Response:** Objection. Defendant caused the disablement of Reynolds' account, which resulted in significant data loss. Defendant also removed Reynolds' administrator access and refused to provide login credentials. Moreover, even if responsive documents existed, this request is overly broad in scope and is not limited the allegations in the Complaint or defenses in the Amended Answer. Moreover, it is not limited to the relevant time period. Plaintiffs also object to producing responsive documents without protection of a confidentiality or protective order. Moreover, this request seeks documents that are unduly burdensome for Plaintiffs to obtain (if they can be obtained at all on the user end) and more appropriately sought thorough a properly drafted subpoena.

Served: May 13, 2026.                           Respectfully submitted,

                                                */s/ Michael Paul Beltran*
                                                Michael P. Beltran (Fla. Bar No. 93184)
                                                Beltran Litigation
                                                4920 W. Cypress St., Ste 104
                                                PMB 5089
                                                Tampa, FL 33607-3827
                                                813-870-3073
                                                mike@beltranlitigation.com
                                                *Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I serve a copy of the on the Defendant Debtor, via email and U.S. Mail at:

Robert Edward Lee Adams
1214 Middlesex Dr.
Trinity, FL 34685
robert@smv.llc
robert.adams@mac.com

/s/ *Michael Paul Beltran*
Michael P. Beltran

6

# EXHIBIT C

Defendant's Meet-and-Confer Letter to Plaintiffs' Counsel

May 19, 2026

## Robert Edward Lee Adams
1214 Middlesex Drive, Trinity, FL 34655
robert@smv.llc | robert.adams@mac.com

---

May 19, 2026
Michael P. Beltran, Esq.
Beltran Litigation, P.A.
4920 W. Cypress St., Suite 104, PMB 5089
Tampa, FL 33607-3827

**Via Email:** mike@beltranlitigation.com
**cc:** anastasia_wagner@outlook.com; robert@smv.llc

**Re:  Meet-and-Confer Regarding Plaintiffs' Discovery Responses**
  *Jenergy Air Services, LLC, et al. v. Adams*
  Adv. Pro. No. 8:25-ap-00296-CPM (Bankr. M.D. Fla.)

Dear Mr. Beltran:

I write to confer regarding deficiencies in Plaintiffs' responses to my First Set and Second Set of discovery requests, as a predicate to an anticipated Motion to Compel under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37. My objective is to resolve these issues without Court involvement.

**1.  First Set Responses.**

This section addresses two responses: Plaintiffs' Verified Response to Interrogatories, dated April 8, 2026, and Plaintiffs' Responses to the First Set of Requests for Production, served May 11, 2026. Each is addressed in turn. The Interrogatory response has two independent defects.

**First,** the response asserts twelve numbered General Objections that are global and unparticularized. The list includes that the interrogatories "call for legal conclusions," seek information "equally available" or "available from third parties," "improperly require ... prematurely marshal" facts, are "premature," "duplicative," request "compilation," seek "confidential and/or proprietary information," and are "unduly burdensome." Each is asserted in the abstract and then declared incorporated "into the answer to each interrogatory below, to the extent applicable, whether or not it is referred to therein." Boilerplate of this form identifies no actual basis for withholding any particular response and does not satisfy the specificity requirement of Fed. R. Civ. P. 33(b)(4).

**Second,** the substantive answers repeatedly refer me to the Adversary Complaint rather than provide Plaintiffs' own responses. Interrogatory 1, for example, answers in material part, "See generally the allegations of the Adversary Complaint, specifically Count 1, Paragraphs 128-135; Count 3, Paragraphs 144-150; Count 6, Paragraphs 166-173; Count 7, Paragraphs 174-182; Count 11, Paragraphs 203-212." Interrogatories 2, 3, 4, 5, 6, and 11 each refer me to "the Adversary Complaint" or "the Complaint" in lieu of an answer. A party's own pleading is not a substitute for sworn interrogatory answers under Rule 33(b)(3).

**Plaintiffs' Responses to the First Set of Requests for Production (May 11, 2026).** The Request for Production response asserts ten lettered General Objections (A through J) that mirror, in structure and content, the Interrogatory General Objections addressed above. Each is "incorporated into the answer to each request below, to the extent applicable, whether or not it is referred to therein." The list includes that the requests seek documents "in the possession of, known to, or otherwise equally available to the requesting party" (A), are "premature" (C and F), are "confidential and/or proprietary" (D), should be "deferred until other discovery is complete"

(E), seek a "compilation, summary, or analysis" (G), and seek documents protected by attorney-client privilege, work product doctrine, accountant-client privilege, marital privilege, "and other applicable privileges and protections, including Article I Section 23 of the Florida Constitution and general privacy interests" (H). Plaintiffs further object globally to producing documents "without protection of a confidentiality or protective order" (I). The same global incorporation pattern is the kind of boilerplate the Court overruled in Doc. No. 58.

Beyond the General Objections, Plaintiffs state expressly that no search for responsive documents will be performed in fourteen separate request responses: Requests 1 (as to Reynolds' personal accounts), 2, 5, 6, 7, 8, 10, 13, 17, 18, 19, 23 (remainder), 25 (remainder), and 26. Plaintiffs additionally gate production of Jenergy's business and financial records behind a confidentiality or protective order Defendant has not signed in Requests 1 (as to Jenergy), 11, 12, 14, 15, 16, 22, 24, and 25 (as to text messages with Cale Mazarz and Joel Reynolds). Across the twenty-six requests in the First Set, only Request 20 (no documents in possession), Request 21 (text messages produced; emails claimed deleted), and Request 25 (text messages with Defendant produced) reflect actual production or a definitive non-possession statement. The accompanying production consists of Bates Jenergy 0001-0095, comprising text messages between Jennifer Reynolds and Defendant.

Several specific responses rest on objection theories the Court has already overruled in this case. As to Request 1, Plaintiffs assert that "Reynolds' personal finances are not relevant to any claims or defenses in this matter and are protected from discovery by Article 1, Section 23, Florida Constitution, and general privacy interests" and "will not search for documents pertaining to Reynolds' personal accounts." Doc. No. 58 expressly overruled the symmetric Article I, Section 23 financial-privacy theory as to Adams, holding that "Defendant's personal finances are directly relevant to the claims and defenses in the adversary proceeding" and that "the objections are overruled." Doc. No. 58, at 2. The same reasoning applies to Reynolds and Jenergy, both of whom have placed financial condition and damages squarely at issue. As to Request 13 (Reynolds' personal bank statements through which Jenergy business funds were deposited or paid), Plaintiffs state that "no search for responsive documents will be performed," a position that cannot stand alongside Doc. No. 58.

Plaintiffs invoke privilege in the responses to Requests 4, 6, 8, 9, 10, 19, 23, and 25, in addition to the global privilege assertion in General Objection H. No privilege log has been served. Fed. R. Civ. P. 26(b)(5)(A), made applicable here by Fed. R. Bankr. P. 7026, requires a party withholding documents on privilege grounds to describe the nature of the documents withheld in a manner that enables other parties to assess the claim. Bare categorical invocation without a log is a Rule 26(b)(5)(A) deficiency.

Specific responses also present facial defects independent of the global pattern. As to Request 14 (Chase and Capital One credit card statements during January 1, 2023 through February 28, 2024, the cards Plaintiffs themselves pleaded at Paragraph 84 of the Adversary Complaint), Plaintiffs object that the request is "not limited to the relevant time period," when the request is in fact bounded. As to Request 15 (documents supporting the $300,000 lost-profits damages claim pleaded in the Summary of Damages), Plaintiffs produce nothing and condition any production on a protective order Defendant has not signed. As to Requests 23 and 24 (documents relating to the February 14-15, 2024 events and supporting the itemized damages totaling more than $40,000 that Plaintiffs pleaded to the cent), Plaintiffs label requests targeted at their own pleaded allegations as "vague" or "facially vague and overly broad" and decline to search. As to Request 25 (communications with Jenergy employees and contractors about Defendant), Plaintiffs produce text messages between Reynolds and Defendant and withhold "responsive text

messages with Cale Mazarz and Joel Reynolds pending entry of an appropriate protective order," with no privilege log and no production schedule.

### 2. Second Set Responses.

I served my Second Set of Requests for Production and Interrogatories on April 13, 2026. Plaintiffs served their Responses to the Second Set of Requests for Production on May 13, 2026, the last day of the thirty-day window under Fed. R. Civ. P. 34(b)(2)(A), made applicable here by Fed. R. Bankr. P. 7034. The response is timely. It is, however, deficient in substantially the same respects as the First Set Requests for Production response, with additional defects specific to the categories sought.

Plaintiffs' response to all six Second Set requests (Requests 27 through 32) states that "no search for responsive documents will be performed," or words to that effect. Nothing responsive has been produced. The response repeats verbatim the same General Objections A through J asserted in the First Set Requests for Production response, with the same defects. No privilege log has been served.

As to Requests 27, 28, 29, and 30 (Beltran Litigation engagement letters, retainer agreements, matter-opening documents, and unredacted billing for the Reynolds Restoration matter No. 00085, the Gianvito matter No. 00127, and the adversary proceeding), Plaintiffs respond identically and verbatim across all four requests: the requests "are not relevant to the claims and defenses in this matter and, instead, concern a prior state court case that is not at issue herein," and seek documents protected by "attorney-client privilege, the work product doctrine, and other applicable privilege, including marital privilege, accountant-client privilege, and the financial privacy protections provided by Article 1, Section 23, Florida Constitution and general privacy interests." Two facial defects. First, the engagement of Beltran Litigation covers this adversary proceeding; Mr. Beltran signed both response documents on behalf of Plaintiffs in this case. The "prior state court case" framing is incorrect. Second, engagement-scope documents and matter-opening records are not categorically privileged communications; they are intake records that establish the identity of the client and the scope of the representation. The unredacted billing requested in Request 30 is the subject of an affirmative fee application Plaintiffs filed in the state court action; Plaintiffs cannot affirmatively seek fees and refuse to produce the underlying records. The Article I, Section 23 financial-privacy invocation was overruled in Doc. No. 58 in this case.

As to Requests 31 and 32 (records concerning the Google Workspace domain jenergyairservices.com and the email domain jenergyreynolds.com), Plaintiffs respond, again identically and verbatim, that the requests are "unduly burdensome for Plaintiffs to obtain (if they can be obtained at all on the user end) and more appropriately sought thorough a properly drafted subpoena." Plaintiffs operate jenergyairservices.com as their current Google Workspace domain; the registration, billing, and administration records are within their possession and control as the account holder. The records of jenergyreynolds.com, including the identity of the person who authorized its deactivation or deletion and any preservation undertaken after litigation commenced on February 19, 2024, are likewise within Reynolds' possession or control. Directing Defendant to subpoena a third party for records of an account Plaintiffs themselves administer is not a Rule 34 response. The preservation question raised by Request 32 is a litigation-hold issue on which the response is silent.

### 3. Doc. No. 58 (May 6, 2026).

The Court has already ruled, in this case, on objections of the same character that Plaintiffs now invoke. In its Order on Plaintiffs' Motion to Compel, the Court held that "objections not made in the January 20, 2026, Initial Responses are waived, and the preserved objections are overruled.

This includes boilerplate objections based upon relevancy, overbreadth, undue burden, proportionality, vagueness, and assuming facts in response to all requests at issue." Doc. No. 58, at 2. The same categories of objection, applied symmetrically, fail for the same reasons.

## 4. Relief Requested.

To resolve these matters without motion practice, I ask Plaintiffs to do the following:

(a) Withdraw the twelve General Objections to the First Set, together with any objection based on relevance, overbreadth, undue burden, proportionality, vagueness, premature marshalling, equal availability, third-party possession, duplication, deferral, compilation, or generalized confidentiality, unless each is supported by a particularized statement keyed to a specific request or interrogatory, in compliance with Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B) and (C).

(b) Conduct a reasonable search for responsive documents in Plaintiffs' possession, custody, or control. The current responses indicate that no search has been performed.

(c) Produce all responsive documents to the First Set and the Second Set, and, going forward, provide substantive answers in place of citations to the Adversary Complaint.

(d) Identify on a privilege log, per Fed. R. Civ. P. 26(b)(5), any document withheld on the basis of privilege or the work-product doctrine, with the entries necessary to assess the claim.

## 5. Response Deadline.

I request your written response by **Thursday, May 21, 2026, close of business**. If I do not receive a response that resolves these deficiencies, or a written commitment with a date certain for cure, I intend to file a Motion to Compel and to attach this letter as the meet-and-confer record. I am available by email at your convenience.

## 6. Mode of Conferral.

All conferral on this matter shall be in writing. Plaintiffs have characterized this preference as a refusal to confer. It is not. Written conferral creates a contemporaneous record that protects both parties from later disputes over what was said. Federal Rule of Civil Procedure 37(a)(1) and FLMB Local Rule 7026-1(d) require good faith conferral; neither rule requires telephone conferral specifically. Plaintiffs' invocation of Defendant's written-only preference as grounds for sanctions in Doc. No. 61 is itself an admission that Plaintiffs failed to attempt the multiple conferral attempts the rule requires. I confer freely and substantively in writing and remain available by email for that purpose.

Sincerely,


Robert Edward Lee Adams
1214 Middlesex Drive
Trinity, FL 34655
robert@smv.llc
robert.adams@mac.com
*Defendant, Pro Se*

# EXHIBIT D

Plaintiffs' Response to Defendant's Meet-and-Confer Letter

Email from Anastasia Wagner, May 21, 2026

**Exhibit D: Email from Anastasia Wagner to Defendant, May 21, 2026**

---

**From:** Anastasia Wagner <anastasia_wagner@outlook.com>
**To:** Robert Adams <robert.adams@mac.com>; Michael Beltran <mike@beltranlitigation.com>
**Cc:** Robert Adams <robert@smv.llc>
**Date:** Thursday, May 21, 2026, 3:30:36 PM Eastern Daylight Time (19:30:36 UTC)
**Subject:** Re: Adams v. Jenergy - Meet-and-Confer Re: Discovery Responses - Adv. Pro. No. 8:25-ap-00296-CPM Attachment: M_and_C_Letter_v4_2026-05-19.pdf

---

Mr. Adams, a 48-hour turnaround does not provide sufficient time to review and respond to your communication, much less cure any purported deficiencies. This is not conferral in good faith. At this point, we have not had time to perform an analysis of the items raised in your letter. We will respond once we have had an opportunity to do so.

We would note that you are spending time on this while in violation of a court order as to your own document production. A motion for sanctions is forthcoming for those failures.

Anastasia Wagner

# EXHIBIT E

Order Granting Motion to Compel (Doc 58)

May 6, 2026

ORDERED.

**Dated:  May 06, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,

Adv. Proc. No.: 8:25-ap-00296-CPM

_____/

Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

     Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

     Defendant

_____/

### ORDER GRANTING MOTION TO COMPEL AND FOR ATTORNEY FEES AND SANCTIONS

THIS CASE came for hearing April 27, 2026, on Plaintiffs' Motion to Compel and for

Attorney Fees and Sanctions, Doc. No. 43 ("the Motion"). Plaintiffs appeared through counsel,

Michael Beltran. Defendant appeared *pro se*. Plaintiffs seek an order compelling Defendant Adams

to provide full and complete responses to Plaintiffs' Request for Production Nos. 2-6, 8-11, 13, 15-

21, 23-24, and 26.

1

After reviewing the pleadings and considering the position of the parties, the Court finds that objections not made in the January 20, 2026, Initial Responses are waived, and the preserved objections are overruled. This includes boilerplate objections based upon relevancy, overbreadth, undue burden, proportionality, vagueness, and assuming facts in response to all requests at issue.

Adams objects to Request Nos. 5, 6, 8, and 15 on the basis of financial privacy. The objections to Request Nos. 6 and 8 are waived as untimely. As to Request Nos. 5 and 15, Defendant's personal finances are directly relevant to the claims and defenses in the adversary proceeding. The objections are overruled.

In his opposition to Plaintiffs' motion, Adams asserts that the common interest doctrine protects communications responsive to Request Nos. 2, 16, 20, and 26. In addition to being waived as untimely, Adams acknowledges the withheld documents are not communications between counsel. As a result, common interest doctrine is inapplicable. The objection is overruled.

Adams objects to Request No. 26 on the basis of attorney-client privilege and the work product doctrine. This request seeks communications with Michael Brundage from March 13, 2024, onward. On March 13, 2024, Mr. Brundage was suspended from the practice of law effective April 12, 2024. Attorney-client privilege and the work product doctrine do not protect communications of a non-lawyer. Adams' objection to producing post-suspension communications is overruled.

Accordingly, it is

**ORDERED:**

1.      The Motion is GRANTED.

2.      Adams shall serve full and complete responses to Request Nos. 2-6, 8-11, 13, 15-21, 23-24.

2

3.      As to Request No. 26, Adams shall produce all communications occurring on and after April 12, 2024.

4.      All responsive documents shall be produced by May 18, 2026.

5.      At this time, Plaintiffs' request for fees and sanctions is denied without prejudice.

Plaintiffs' attorney is directed to serve a copy of this order on interested parties who do not receive service via CM/ECF and file a proof of service within three days of entry of this order.

3