**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED TPA INTAKE USBC
26 MAY 2026 AM10:34

In re: ROBERT EDWARD LEE ADAMS, Adv. Proc. No.: 8:25-ap-00296-CPM
_____/ Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,
Plaintiffs,
v.
ROBERT EDWARD LEE ADAMS,
a Florida individual,
Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION**

**FOR PROTECTIVE ORDER AND REQUEST FOR ATTORNEY FEES AND**
**SANCTIONS**

Defendant Robert Edward Lee Adams, appearing pro se, submits this Response in

Opposition to Plaintiffs' Motion at Doc. 61, filed May 10, 2026.

### I. INTRODUCTION

Plaintiffs' Motion is the second procedural attempt to block Defendant from obtaining

third-party documents in this adversary proceeding. The first Motion to Quash, granted at Doc.

55, succeeded on narrow procedural grounds: wrong court designation, certified mail service,

and service over pending objection. Defendant cured each of those defects in his second-round

subpoenas, noticed to Plaintiffs on May 4, 2026, in compliance with Doc. 59's seven-day

advance notice requirement.

Plaintiffs now return with arguments that contradict this Court's Order at Doc. 58,

mischaracterize the prior Order at Doc. 55, fail FLMB Local Rule 7026-1(d) certification and

conferral requirements on at least five independent grounds, and rely on a cross-case theory not authorized by Federal Rule of Civil Procedure 26(c). The Motion is also internally inconsistent: it is captioned as a motion for protective order, invokes Rule 45 as authority, requests quashing relief in the WHEREFORE, and separately implies a confidentiality order in the body. Plaintiffs' request for attorney fees and sanctions cites no rule, no statute, and no other source of authority. The Motion should be denied.

## II. PROCEDURAL BACKGROUND

On April 28, 2026, the Court entered Doc. 55 quashing Defendant's first-round subpoenas on three procedural grounds, with Paragraph 9 warning against future gamesmanship and confirming that oral rulings are orders of the Court. The same day, Defendant transmitted a written conferral letter to Plaintiffs' counsel addressing subpoena scope per the Court's April 27, 2026 bench ruling, requesting Plaintiffs' specific scope objections by May 1, 2026 at 5:00 PM EST. Plaintiffs' counsel responded on May 4, 2026, declining to engage in written conferral on subpoena scope. Defendant confirmed the conferral deadline had expired without specific objections on May 1, 2026.

On May 4, 2026, Defendant noticed nine subpoenas to Plaintiffs' counsel by email at 9:37 PM, with copies attached, in compliance with Federal Rule of Civil Procedure 45(a)(4) and Doc. 59 Paragraph 1's seven-day advance notice requirement. On May 5, 2026, Defendant transmitted a Rule 26 conferral letter identifying deficiencies in Plaintiffs' Rule 26(a)(1) disclosures and requesting supplementation by May 15, 2026. Plaintiffs have not responded.

On May 6, 2026, the Court entered Doc. 58, overruling Defendant's financial privacy objections and holding that personal finances are directly relevant to the claims and defenses in this adversary proceeding. On May 7, 2026, Defendant filed the Notice of Subpoenas and

underlying subpoenas with the Court via USPS Priority Mail Express pursuant to Local Rule 9016-1, now docketed as Doc. 63. On May 8, 2026, the Court entered Doc. 59 memorializing the January 5, 2026 case management directives.

On Friday, May 8, 2026, at 7:56 PM, Plaintiffs' counsel transmitted a proposed Stipulated Protective Order with demand for Defendant's advance binding agreement to its terms by email reply as a condition of any document production beyond non-confidential materials (Exhibit A). On Sunday, May 10, 2026, at 1:18 PM, Plaintiffs' counsel transmitted an email demanding Defendant withdraw and redraft the subpoenas under threat of immediate sanctions filing (Exhibit D). On Monday, May 11, 2026, at 8:35 AM, Defendant responded to the May 8 demand, citing Federal Rule of Civil Procedure 34, Federal Rule of Bankruptcy Procedure 7034, and the protective-order mechanism available to Plaintiffs under Federal Rule of Civil Procedure 26(c), and identifying interim confidential designation as the standard practice pending entry of a protective order (Exhibit A). On Monday, May 11, 2026, at 8:56 AM, Plaintiffs' counsel replied, stating that Plaintiffs would file a motion for protective order and that Defendant's "refusal to stipulate, contrary to general practice, is now delaying discovery" (Exhibit A).

Plaintiffs filed the present Motion at Doc. 61 on May 10, 2026, on the same day as the deadline Plaintiffs' counsel imposed in the Sunday afternoon email and within hours of that email.

Jenergy Air Services, LLC is an active Florida limited liability company with Annual Reports filed with the Florida Department of State continuously through May 2025, each reflecting EIN 47-5001167.

### III. ARGUMENT

**A. Plaintiffs' Motion Fails FLMB Local Rule 7026-1(d) on Five Independent Grounds.**

FLMB Local Rule 7026-1(d) governs motions for protective order. It provides, in relevant part:

> Motions to compel and motions for protective order must include a certification at the beginning of the motion under the heading "Local Rule 7026-1(d) Certification" stating that the movant has in good faith conferred with the opposing party in an effort to resolve the issue without Court action, what specific actions were taken to confer, and whether the parties agree on the resolution of any portion of the motion. A motion that does not comply with this rule may be denied.... Unless otherwise ordered, the requirement that a moving party confer with the opposing party requires that, at a minimum: (1) movant made at least two attempts to contact the non-moving party, one of which must be by telephone; and (2) movant's first attempted contact must be at least 24 hours before filing the motion.

FLMB Local Rule 7026-1(d).

The certification Plaintiffs offer at Doc 61 ¶ 12 reads in full: "Because Defendant declines to confer by phone, Plaintiffs sent a conferral by email; however, at the time of filing, a response has not been received." That single sentence fails the rule on five independent grounds.

First, no required heading. Rule 7026-1(d) requires the certification to appear "at the beginning of the motion under the heading 'Local Rule 7026-1(d) Certification.'" Doc 61 contains no such heading. The certification appears at Doc 61 ¶ 12, near the end of the body of the motion, rather than at the beginning, and is unheaded.

Second, no description of specific conferral actions. Rule 7026-1(d) requires the movant to state "what specific actions were taken to confer." Doc 61 ¶ 12 states only that "Plaintiffs sent a conferral by email." Plaintiffs do not identify the date or time of the email, the issues raised, the

requests at issue, Defendant's prior position, or any other particulars of the asserted conferral effort. A conclusory reference to "a conferral by email" is not a description of specific actions.

Third, no statement regarding partial agreement. Rule 7026-1(d) requires the movant to state "whether the parties agree on the resolution of any portion of the motion." Doc 61 ¶ 12 contains no such statement. Plaintiffs do not represent that the parties agree, disagree, or have reached partial agreement on any portion of the relief sought. The required representation is simply absent.

Fourth, only one attempted contact, none by telephone. Rule 7026-1(d)(1) requires at a minimum that "movant made at least two attempts to contact the non-moving party, one of which must be by telephone." Doc 61 ¶ 12 admits Plaintiffs made one attempt (by email) and expressly declined to attempt telephone contact. Plaintiffs purport to justify the omission with the unilateral assertion that "Defendant declines to confer by phone." The rule contains no exception for parties whom the movant characterizes as unwilling to take a telephone call. The rule requires two attempts including one by telephone, and Plaintiffs satisfied neither requirement.

Fifth, no certification of the 24-hour pre-filing requirement. Rule 7026-1(d)(2) requires that the movant's "first attempted contact must be at least 24 hours before filing the motion." Doc 61 ¶ 12 states "at the time of filing, a response has not been received," which says nothing about when the email was sent relative to the filing. Plaintiffs do not certify that the conferral email preceded the filing by at least 24 hours, and the contemporaneous record indicates the email was sent the same day Plaintiffs filed the Motion.

The rule expressly authorizes denial of a non-compliant motion: "A motion that does not comply with this rule may be denied. Failure of the moving party to properly meet and confer ... may subject parties or their counsel to sanctions." FLMB Local Rule 7026-1(d). Each of the five

defects identified above is independently sufficient to deny the Motion. The five together establish that Doc 61 does not comply with the rule in any respect.

The conferral deficiency is compounded by Plaintiffs' pattern of refusing conferral when Defendant initiates:

April 28, 2026: Defendant transmits written conferral letter on subpoena scope per the April 27 bench ruling, requesting Plaintiffs' specific objections by May 1, 2026 (Exhibit B). On May 4, 2026, Plaintiffs' counsel responds by email, stating: "You do not set deadlines. The Rules and Court do" and "it is not my job to assist you with your subpoenas. Nor do my clients wish to pay me for such services" (Exhibit B). Plaintiffs decline to identify specific objections by request as the April 27 bench ruling directed.

May 5, 2026: Defendant transmits Rule 26 conferral letter identifying deficiencies in Plaintiffs' April 8, 2026 Supplemental Rule 26(a)(1) disclosures, requesting supplementation by May 15, 2026, and reserving Rule 37(c)(1) exclusion remedy (Exhibit C). Plaintiffs do not respond.

May 8, 2026, 7:56 PM: Plaintiffs' counsel transmits Stipulated Protective Order demanding Defendant's advance binding agreement as condition of production (Exhibit A).

May 10, 2026, 1:18 PM: Plaintiffs' counsel transmits ultimatum demanding withdrawal of subpoenas under threat of same-day sanctions filing (Exhibit D).

May 10, 2026: Plaintiffs file the present Motion.

Plaintiffs refuse conferral when Defendant initiates and demand capitulation through ultimatum when Plaintiffs initiate. This is not the conferral contemplated by FLMB Local Rule 7026-1(d).

**B. Plaintiffs Have Not Established Good Cause Under Rule 26(c).**

Federal Rule of Civil Procedure 26(c) requires a showing of "good cause." The party seeking protection must demonstrate "specific prejudice or harm." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Conclusory allegations are insufficient.

Plaintiffs' Motion contains generic assertions without identifying which specific subpoena requests fall into which category or what specific harm would result from production of specific documents. See Doc 61 ¶¶ 3 through 9 (reciting objection categories without document-specific support); Doc 61 ¶ 4 (asserting an umbrella four-category objection without tying any category to any specific request). Plaintiffs submit no declarations, no affidavits, and no supporting evidence. The Motion's only exhibit consists of the subpoenas themselves. See Doc 61 (no declaration or affidavit appended).

Generic allegations cannot satisfy Rule 26(c)'s good cause requirement. The Motion fails on this independent ground.

**C. The Court's Order at Doc. 58 Controls the Financial Privacy Argument.**

On May 6, 2026, this Court entered Doc. 58 overruling Defendant's financial privacy objections and holding: "Defendant's personal finances are directly relevant to the claims and defenses in the adversary proceeding." Plaintiffs now argue at Doc 61 ¶ 6 that Plaintiff Reynolds's personal finances are protected by the Florida Constitution and immune from production.

These positions cannot coexist. Plaintiffs' own First Set of Requests for Production sought temporally broad financial discovery from Defendant, including personal financial statements, credit card statements dating to January 2023, and records relating to net worth and

personal financial condition. The Court overruled Defendant's privacy objections and ordered production. Defendant complied.

The claims at issue allege fraud in the sale of a business in which Plaintiff Reynolds was the seller. Her financial position, representations, and conduct during the relevant period are directly relevant to claims of fraud and concealment, no less than Defendant's are relevant to defenses of those claims. The relevance ruling at Doc. 58 applies reciprocally.

This asymmetry has now crystallized. On May 11, 2026, Plaintiffs responded to Defendant's First Set of Requests for Production. Of twenty-six separate requests, Plaintiffs produced one document set, consisting of text messages already in Defendant's possession from Defendant's own production. Plaintiffs further asserted privilege on at least nine requests without serving the privilege log required by Federal Rule of Civil Procedure 26(b)(5)(A), and invoked the same financial privacy theory rejected by this Court at Doc. 58 to refuse production on multiple categories. Plaintiffs' concurrent posture of refusing party discovery while seeking to prevent third-party discovery demonstrates the asymmetric discovery strategy Doc. 58 forecloses.

Independent of Doc. 58, the Florida Constitution does not supply a privilege capable of limiting discovery in this proceeding. This is a federal-question adversary proceeding arising under 11 U.S.C. Sections 523 and 727, so privilege questions are governed by federal common law, not state law. Federal Rule of Evidence 501, which applies here through Federal Rule of Bankruptcy Procedure 9017, provides that state law governs a privilege only as to a claim or defense for which state law supplies the rule of decision. The Eleventh Circuit has held that "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a

pendent state law count which may be controlled by a contrary state law of privilege." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). Article I, Section 23 of the Florida Constitution is state law, and it supplies the rule of decision for no claim or defense in this proceeding. It is therefore not a privilege recognized under Rule 501 and cannot shield Plaintiff Reynolds's financial records from discovery here.

The scope of discovery is instead set by Federal Rule of Civil Procedure 26(b)(1), which applies through Federal Rule of Bankruptcy Procedure 7026. Doc. 58 has already determined that personal finances are directly relevant to the claims and defenses in this adversary proceeding. Plaintiffs, having chosen a federal forum to pursue federal nondischargeability determinations, cannot invoke a state privacy provision to narrow the federal discovery available on the very claims they brought.

### D. Plaintiffs' Standing Is Limited Under Bujanowski.

Plaintiffs invoke *Bujanowski v. Kocontes* at Doc 61 ¶ 5 as their authority for party standing to quash a third-party subpoena. The same authority constrains them. A party may move to quash a third-party subpoena only "based on a personal right or privilege relating to the documents being sought." *Bujanowski v. Kocontes*, No. 8:08-CV-390-T-17EAJ, 2008 U.S. Dist. LEXIS 141222, at *3 (M.D. Fla. June 11, 2008). This limitation must be evaluated request by request.

Plaintiffs lack standing to object to, among other categories:

(1) Google Workspace administrative records for the jenergyair.com domain reflecting actions of administrators other than Plaintiff Reynolds.

(2) Documents held by Snyder, Snyder & Kessenich CPA Firm LLP regarding Joel Reynolds, including documents reflecting his removal as manager of Jenergy Air Services, LLC.

(3) Documents held by Profit Management Solutions, FieldPulse, Service Titan, and Ruth King Consulting reflecting their own business records and operational data.

(4) Documents reflecting any business entity other than Jenergy Air Services, LLC and Jenergy Media LLC, including Royal De Luxe LLC.

Plaintiffs' generic invocation of standing without request-by-request analysis cannot support the Motion.

**E. The Time Scope of the Subpoenas Is Reasonable.**

Plaintiffs argue at Doc 61 ¶ 1 that the time period at issue is "the four-month time period between mid-October 2023 and February 14, 2024," and at Doc 61 ¶ 7 that any document request beyond this period is overbroad in time and scope. This framing is self-serving and inaccurate.

The claims and defenses in this adversary proceeding place at issue, among other matters:

(1) Plaintiffs' financial condition during 2022 and 2023, including tax filings and operational performance. These pre-October 2023 records establish the baseline against which Plaintiffs' representations during negotiation must be evaluated.

(2) Plaintiff Reynolds's October 20, 2023 representation regarding Employee Retention Credit funds. Plaintiff Reynolds wrote that "ERC funds were approved a few weeks ago and we should be seeing $245,000 coming to Jenergy Air Services in 6 to 9 months," and asked how to incorporate the receivable into the business valuation. Records reflecting the ERC application, the timing of any receipt, and the disposition of any funds received are essential to fraud and damages elements and necessarily predate October 2023.

(3) Any change in Jenergy Air Services, LLC's Employer Identification Number during the operational period. Records reflecting EIN-related corporate changes or filings are relevant to whether material changes were disclosed to or concealed from Defendant during negotiation.

Jenergy's Annual Reports filed with the Florida Department of State for 2022, 2023, 2024, and 2025 each reflect EIN 47-5001167, indicating the EIN of record reflected in those Annual Reports has not changed across the operational period. The Annual Report cycle does not, however, capture all possible EIN events. Records held by Plaintiffs' CPA firm regarding any EIN-related filings, including any temporary or alternative EIN usage outside the Annual Report cycle (if any), are responsive to the SSK Schedule A request and are independently relevant. Plaintiffs' invocation of accountant-client privilege at Doc 61 ¶ 9 does not cite any Florida statute or rule as authority for the privilege and is unaccompanied by the privilege log required by Federal Rule of Civil Procedure 26(b)(5)(A).

(4) The removal of Joel A. Reynolds as a manager of Jenergy Air Services, LLC. The 2022 Annual Report filed April 19, 2022 listed Joel A. Reynolds and Jennifer S. Freyeisen as Managers. The 2023 Annual Report filed May 1, 2023 listed Jennifer Reynolds alone, as sole Manager and CEO. The 2023 Annual Report was amended on June 9, 2023. Subsequent Annual Reports filed April 30, 2024 and May 1, 2025 list Jennifer Reynolds (and most recently Jennifer Gianvito) as sole Manager. The timing and circumstances of Joel's removal, including whether he authorized or consented to it, are relevant to who held managerial authority and decision-making capacity during the period leading to the negotiation. See Doc 61 ¶ 8 (quoting one SSK subpoena category seeking documents reflecting Joel's removal as manager and whether he consented).

(5) Plaintiffs' communications with their CPA firm regarding the financial condition and tax reporting of the business, which span the operational period.

(6) Plaintiff Reynolds's personal financial conduct during the period she represented the financial condition of Jenergy to Defendant.

(7) The administrative control history of the jenergyair.com Google Workspace, which remains active. Plaintiffs' Motion at Doc 61 ¶ 8 alleges unauthorized access and conversion of company property. Workspace audit logs and administrative records reflecting who held Super Admin role at relevant times, including when administrative access transferred, are essential to evaluating these allegations and to Defendant's affirmative defenses regarding authorized administrative role during the negotiation and transition period.

These temporally broader records are not an expansion of the dispute but the documentary basis for evaluating conduct during the four-month dispute window. Pre-period records establish what parties knew, what was represented, and what was concealed. This is the function of due diligence in any commercial fraud case.

Plaintiffs themselves apply this principle when convenient. Plaintiffs' own First Request for Production to Defendant included requests reaching back to 2020 and 2018 for tax returns, financial documents, and related records. Plaintiffs cannot apply one temporal standard to their own discovery and a different standard to Defendant's.

Defendant's Second Set of Requests for Production, served April 13, 2026, requests retainer agreements, engagement letters, and billing records from Beltran Litigation, P.A., including the matter docketed as "Reynolds Restoration" (Matter No. 00085-Reynolds). These records reflect Plaintiffs' engagement of legal representation during the period Plaintiffs themselves identify as relevant. Records reflecting when Plaintiffs commenced legal positioning during that period are directly relevant to claims and defenses concerning the parties' conduct during negotiation and transition.

**F. Plaintiffs' Cross-Case Concern Is Not a Permissible Rule 26(c) Basis.**

Doc 61 ¶ 10 states Plaintiffs require confidentiality because "Defendant must be prohibited from sharing Plaintiffs' documents with Reynolds' ex-husband, Joel Reynolds. Joel is friends with Defendant and has attempted to use this proceeding to obtain documents for purposes of challenging the parties' divorce settlement agreement."

Doc 61 ¶ 10 is the only paragraph in the Motion that identifies specific harm tied to specific documents. Every other paragraph asserts harm in conclusory terms. The single specific harm Plaintiffs identify is one Rule 26(c) does not authorize the Court to address.

Rule 26(c) authorizes protective orders to address "annoyance, embarrassment, oppression, or undue burden or expense" related to discovery. It does not authorize protective orders to shield documents from collateral proceedings. Documents discoverable in this adversary proceeding cannot be insulated from related litigation through a protective order whose stated purpose is preventing such disclosure.

The Court has already addressed Mr. Reynolds's status on the record in this proceeding. At the November 3, 2025 hearing on Joel Reynolds's Motion to Intervene, the Court stated: "if you're only a third-party witness that Mr. Adams might call at trial, then that's fine too. You can be a third-party witness, but you wouldn't be an intervener." Tr. of Hr'g, Adv. Pro. No. 8:25-ap-00296-CPM, at 5:12-15 (Bankr. M.D. Fla. Nov. 3, 2025). The Court's framing expressly contemplated that Defendant might call Mr. Reynolds as a third-party witness at trial. Plaintiffs' suggestion at Doc 61 ¶ 10 that any communication with Joel Reynolds is improper coordination is at odds with the role the Court has already contemplated.

Plaintiffs offer no evidentiary support for the allegation at Doc 61 ¶ 10 that Defendant has attempted to obtain documents on behalf of Joel Reynolds. No declaration. No affidavit. No

exhibit. No specific factual basis. Bare allegation cannot satisfy Rule 26(c)'s "specific prejudice or harm" standard. *Phillips*, 307 F.3d at 1210-11. Defendant respectfully requests that the Court require Plaintiffs to identify the record basis for the Doc 61 ¶ 10 assertion before any protective relief premised on that assertion is considered.

Doc 61 ¶ 10 reveals the requested protective order is intended to manage cross-case implications, not legitimate discovery harm. This is not a permissible basis under Rule 26(c).

### G. Plaintiffs Mischaracterize the Court's Order at Doc. 55.

Plaintiffs state at Doc 61 ¶ 3: "Despite the Court's admonishment regarding subpoena scope and time periods, the subpoenas' substance remains in excess of that permitted by the Federal Rules of Civil Procedure."

Doc. 55 did not admonish Defendant regarding subpoena scope or time periods. The Order quashed the first-round subpoenas on three specific procedural grounds: incorrect court designation, certified mail service, and service over pending objection. See Doc. 55 at Paragraph 2. Defendant respectfully requests that the Court take judicial notice of its own prior Order.

### H. The Motion Is Internally Inconsistent in Both Procedural Authority and Requested Relief.

Plaintiffs caption the filing as "Motion for Protective Order" (Doc 61 caption), cite Federal Rule of Civil Procedure 45 as procedural authority (Doc 61 preamble), and request "an order quashing subpoenas" in the WHEREFORE clause (Doc 61 ¶ 13). Motions for protective order are governed by Rule 26(c). Motions to quash subpoenas are governed by Rule 45(d)(3). The Motion confuses both the procedural authority and the requested relief. As a Rule 26(c)

motion, it fails for the reasons set forth in Sections III.B and III.F above. As a Rule 45(d)(3) motion, the second-round subpoenas cure each procedural defect identified in Doc. 55.

The inconsistency is not only between the body and the procedural authority. The body of the Motion is itself internally inconsistent regarding the relief Plaintiffs seek. The WHEREFORE clause at Doc 61 ¶ 13 asks for "an order quashing" the nine subpoenas. Doc 61 ¶ 10, however, requests confidentiality treatment over documents produced, asking the Court to "prohibit Defendant from sharing Plaintiffs' documents with Reynolds' ex-husband, Joel Reynolds." Quashing relief and confidentiality relief are different remedies governed by different rules. Quashing terminates the subpoena under Rule 45(d)(3). A confidentiality order restricts the use or redisclosure of documents that have been produced, under Rule 26(c). The two cannot be granted together because one presupposes no production and the other presupposes production. Plaintiffs have not specified which form of relief they seek, and the Court cannot grant relief that is internally inconsistent on the face of the Motion.

### I. Resolution Must Preserve the Trial Schedule.

Trial is scheduled August 3 through August 10, 2026. The discovery period closes approximately 30 days before trial. Third-party subpoenas typically require thirty days from service for compliance. Service in May 2026 would produce returns by mid-to-late June, allowing time for review, integration into trial preparation, and use at party-witness depositions scheduled for late June and early July.

Plaintiffs have now filed two motions related to Defendant's third-party subpoenas, both at procedural points that maximize delay. Extended consideration of the present Motion risks Defendant proceeding to trial without the third-party documents essential to defending against Plaintiffs' claims. Defendant requests expedited treatment to preserve the trial schedule.

**J. Plaintiffs' Request for Attorney Fees and Sanctions Cites No Authority.**

Plaintiffs request "an award of attorney fees and other relief the Court deems appropriate" at Doc 61 ¶ 13, premised on the assertion at Doc 61 ¶ 11 that "Defendant Adams' refusal to comply with the Federal Rules and flouting of this Court's specific instruction warrants sanctions." Plaintiffs cite no rule, no statute, and no other source of legal authority for the sanctions request. The omission is fatal.

Federal courts do not impose sanctions absent a stated authority. The candidate rules that might supply such authority, none of which Plaintiffs invoke, are:

Federal Rule of Civil Procedure 37 governs sanctions for discovery misconduct. Plaintiffs do not cite Rule 37 and do not identify any discovery order Defendant has violated.

Federal Rule of Civil Procedure 26(g) governs sanctions for unwarranted discovery papers. Plaintiffs do not cite Rule 26(g) and do not identify any specific Defendant filing they claim violates the rule.

Federal Rule of Bankruptcy Procedure 9011, the Federal Rules of Bankruptcy Procedure equivalent of Federal Rule of Civil Procedure 11, governs sanctions for unwarranted filings. Plaintiffs do not cite Rule 9011, have not complied with the rule's safe-harbor requirement, and do not identify any specific Defendant filing they claim violates the rule.

Federal Rule of Civil Procedure 45(d)(1), which the Motion's invocation of Rule 45 makes the most facially apparent candidate, requires the party issuing a subpoena to take reasonable steps to avoid imposing undue burden on the person subject to the subpoena and authorizes sanctions for failure to do so. Plaintiffs do not cite Rule 45(d)(1) and have not identified the persons subject to the subpoenas as having objected on burden grounds.

A sanctions request unsupported by any cited authority is procedurally defective on its face. The Court cannot grant sanctions without a rule basis. This procedural defect is independent of the merits of the Motion's substantive arguments and independently warrants denial of the fees-and-sanctions request.

Beyond the procedural defect, the underlying premise is also wrong. Defendant complied with the Court's Orders at Doc. 55 and Doc. 59. The second-round subpoenas correctly identify the issuing court, were noticed for personal service rather than served by certified mail, were held pending Plaintiffs' objection consistent with Doc. 55 Paragraph 9, provided more than seven days' advance notice as required by Doc. 59 Paragraph 1, and were filed with the Court pursuant to Local Rule 9016-1, now docketed as Doc. 63. Defendant initiated good-faith conferral on April 28, 2026, and again on May 5, 2026. Plaintiffs declined to engage on both occasions. Plaintiffs ask the Court to sanction Defendant for procedural conduct while themselves filing the present Motion within hours of their own unilateral Sunday afternoon email demand, without complying with FLMB Local Rule 7026-1(d), and without identifying any rule authorizing the requested sanctions.

## IV. CONCLUSION

Plaintiffs' Motion fails on multiple independent grounds: facial non-compliance with FLMB Local Rule 7026-1(d) on five separate counts, insufficient good cause under Rule 26(c), contradiction with Doc. 58, limited standing under Plaintiffs' own cited authority, mischaracterization of Doc. 55, an improper cross-case theory under Rule 26(c) that the Court's November 3, 2025 on-record framing of Mr. Reynolds's potential witness role already forecloses, internal inconsistency between the Motion's caption, its procedural authority, its WHEREFORE clause, and its body, and a sanctions request unsupported by any cited rule.

Defendant respectfully requests that the Court:

(1) Deny Plaintiffs' Motion in its entirety; (2) Deny Plaintiffs' request for attorney fees and sanctions; (3) Authorize Defendant to proceed with service of the second-round subpoenas; and (4) Grant such other and further relief as the Court deems just and proper.

Defendant requests oral argument on this Motion. A separate Notice of Hearing has been filed contemporaneously.

## INDEX OF EXHIBITS

Exhibit A: Email thread regarding Plaintiffs' proposed Stipulated Protective Order, May 8, 2026 through May 11, 2026, exported in reverse chronological order with each message displayed standalone, followed by the two attachments to Plaintiffs' counsel's May 8, 2026 email, in order: the proposed Motion for Entry of Stipulated Protective Order, then the proposed Stipulated Protective Order.

Exhibit B: Email thread regarding Defendant's conferral on subpoena scope, April 28, 2026 through May 4, 2026, exported in reverse chronological order (Plaintiffs' counsel's May 4, 2026 reply declining to engage; Defendant's May 1, 2026 follow-up confirming the conferral deadline expired without specific objections; and Defendant's April 28, 2026 transmittal and forward to self), followed by the attachment to Defendant's April 28, 2026 email, Defendant's letter titled "Conferral on Subpoena Scope per April 27, 2026 Bench Ruling."

Exhibit C: Defendant's May 5, 2026 transmittal email to Plaintiffs' counsel, followed by the attachment to that email, Defendant's letter titled "Conferral on Deficient Rule 26(a)(1) Disclosures."

Exhibit D: Email from Anastasia Wagner to Defendant dated May 10, 2026, at 1:18 PM, subject line "Subpoenas."

Dated: May 26, 2026.

Respectfully submitted,

_____

Robert Edward Lee Adams

Defendant, Pro Se
1214 Middlesex Drive
Trinity, FL 34655
727-641-7422
robert.adams@mac.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of May, 2026, a true and correct copy of the foregoing, together with exhibits, was filed in person with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. A true and correct copy was further served on Plaintiffs' counsel via email at mike@beltranlitigation.com and via first class U.S. Mail addressed to:

Michael P. Beltran, Esq.
Beltran Litigation, P.A.
4920 W. Cypress St., Suite 104, PMB 5089
Tampa, FL 33607-3827
Counsel for Plaintiffs

_____
Robert Edward Lee Adams, Pro Se

# EXHIBIT A

EXHIBIT A: Email thread regarding Plaintiffs' proposed Stipulated Protective Order (May 8 to May 11, 2026), followed by the proposed Motion for Entry of Stipulated Protective Order and the proposed Stipulated Protective Order.

**Subject**: Re: Stipulated Protective Order
**From**: Robert Adams <robert@smv.llc>
**To**: Michael Beltran <mike@beltranlitigation.com>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>, Robert Adams <robert.adams@mac.com>
**Date Sent**: Monday, May 11, 2026 3:30:00 PM GMT-04:00
**Date Received**: Monday, May 11, 2026 3:30:00 PM GMT-04:00

Mr. Beltran,

Defendant's email of May 11, 2026 at 8:35 AM cited Federal Rule of Civil Procedure 34, Federal Rule of Bankruptcy Procedure 7034, and Federal Rule of Civil Procedure 26(c).

Plaintiffs' production obligation under Federal Rule of Civil Procedure 34 is not contingent on entry of a stipulated protective order. Plaintiffs may produce documents under interim confidential designation pending any protective order the Court enters. This option was identified in Defendant's May 11 email and remains available.

Defendant's position is set forth in that email and stands.

Robert

On Mon, May 11, 2026 at 8:56 AM Michael Beltran <mike@beltranlitigation.com> wrote:
> We will file the motion for protective order then. We will note that your refusal to stipulate, contrary to general practice, is now delaying discovery. To avoid misdirection of effort in the future, we have very little interest in reading your thoughts on standard litigation practice, which are invariably misguided and counterproductive.
>
> On Mon, May 11, 2026, 8:36 AM Robert Adams <robert@smv.llc> wrote:
>> Mr. Beltran,
>>
>> I will not agree to be bound to the proposed Stipulated Protective Order in advance of court entry, and I will not sign onto the motion as currently drafted. Confidentiality is a designation issue, not a basis to withhold production. Federal Rule of Civil Procedure 34, made applicable by Federal Rule of Bankruptcy Procedure 7034, requires production of responsive non-privileged documents within 30 days of service. Plaintiffs are free to produce documents under interim confidential designation pending any protective order the Court enters, which is standard practice. Plaintiffs are also free to file a motion for protective order if they believe specific documents warrant special handling.
>>
>> I expect Plaintiffs' full responsive production by Monday, May 11, 2026, the deadline for responses to Defendant's First Set of Requests for Production served April 10, 2026, and by Wednesday, May 13, 2026, for responses to Defendant's Second Set served April 13, 2026. Withholding admittedly responsive documents on the basis stated in your email is not a position supported by the Federal Rules.
>>
>> Robert
>>
>> On Fri, May 8, 2026 at 7:56 PM Anastasia Wagner <anastasia_wagner@outlook.com> wrote:
>>> Mr. Adams,
>>>
>>> Jenergy's forthcoming production contains documents that require protection under a protective order. Attached is a motion and stipulated protective order. Should you agree to entry of this order, please reply that we may add your signature to the motion.

If you also reply that you agree to be bound from your email forward to the terms of the stipulated protective order, we will agree to make the full document production on Monday. Absent this, only non-confidential documents will be produced until an order is entered.

Anastasia Wagner

**Subject**: Re: Stipulated Protective Order
**From**: Michael Beltran <mike@beltranlitigation.com>
**To**: Robert Adams <robert@smv.llc>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>, Robert Adams <robert.adams@mac.com>
**Date Sent**: Monday, May 11, 2026 8:56:43 AM GMT-04:00
**Date Received**: Monday, May 11, 2026 8:56:55 AM GMT-04:00

We will file the motion for protective order then. We will note that your refusal to stipulate, contrary to general practice, is now delaying discovery. To avoid misdirection of effort in the future, we have very little interest in reading your thoughts on standard litigation practice, which are invariably misguided and counterproductive.

On Mon, May 11, 2026, 8:36 AM Robert Adams <robert@smv.llc> wrote:

Mr. Beltran,

I will not agree to be bound to the proposed Stipulated Protective Order in advance of court entry, and I will not sign onto the motion as currently drafted. Confidentiality is a designation issue, not a basis to withhold production. Federal Rule of Civil Procedure 34, made applicable by Federal Rule of Bankruptcy Procedure 7034, requires production of responsive non-privileged documents within 30 days of service. Plaintiffs are free to produce documents under interim confidential designation pending any protective order the Court enters, which is standard practice. Plaintiffs are also free to file a motion for protective order if they believe specific documents warrant special handling.

I expect Plaintiffs' full responsive production by Monday, May 11, 2026, the deadline for responses to Defendant's First Set of Requests for Production served April 10, 2026, and by Wednesday, May 13, 2026, for responses to Defendant's Second Set served April 13, 2026. Withholding admittedly responsive documents on the basis stated in your email is not a position supported by the Federal Rules.

Robert

On Fri, May 8, 2026 at 7:56 PM Anastasia Wagner <anastasia_wagner@outlook.com> wrote:

Mr. Adams,

Jenergy's forthcoming production contains documents that require protection under a protective order. Attached is a motion and stipulated protective order. Should you agree to entry of this order, please reply that we may add your signature to the motion.

If you also reply that you agree to be bound from your email forward to the terms of the stipulated protective order, we will agree to make the full document production on Monday. Absent this, only non-confidential documents will be produced until an order is entered.

Anastasia Wagner

**Subject**: Re: Stipulated Protective Order
**From**: Robert Adams <robert@smv.llc>
**To**: Anastasia Wagner <anastasia_wagner@outlook.com>
**Cc**: Robert Adams <robert.adams@mac.com>, Michael Beltran <mike@beltranlitigation.com>
**Date Sent**: Monday, May 11, 2026 8:35:00 AM GMT-04:00
**Date Received**: Monday, May 11, 2026 8:35:00 AM GMT-04:00

Mr. Beltran,

I will not agree to be bound to the proposed Stipulated Protective Order in advance of court entry, and I will not sign onto the motion as currently drafted. Confidentiality is a designation issue, not a basis to withhold production. Federal Rule of Civil Procedure 34, made applicable by Federal Rule of Bankruptcy Procedure 7034, requires production of responsive non-privileged documents within 30 days of service. Plaintiffs are free to produce documents under interim confidential designation pending any protective order the Court enters, which is standard practice. Plaintiffs are also free to file a motion for protective order if they believe specific documents warrant special handling.

I expect Plaintiffs' full responsive production by Monday, May 11, 2026, the deadline for responses to Defendant's First Set of Requests for Production served April 10, 2026, and by Wednesday, May 13, 2026, for responses to Defendant's Second Set served April 13, 2026. Withholding admittedly responsive documents on the basis stated in your email is not a position supported by the Federal Rules.

Robert


On Fri, May 8, 2026 at 7:56 PM Anastasia Wagner <anastasia_wagner@outlook.com> wrote:

Mr. Adams,

Jenergy's forthcoming production contains documents that require protection under a protective order. Attached is a motion and stipulated protective order. Should you agree to entry of this order, please reply that we may add your signature to the motion.

If you also reply that you agree to be bound from your email forward to the terms of the stipulated protective order, we will agree to make the full document production on Monday. Absent this, only non-confidential documents will be produced until an order is entered.

Anastasia Wagner

**Subject**: Stipulated Protective Order
**From**: Anastasia Wagner <anastasia_wagner@outlook.com>
**To**: Robert Adams <robert@smv.llc>,Robert Adams <robert.adams@mac.com>
**Cc**: Michael Beltran <mike@beltranlitigation.com>
**Date Sent**: Friday, May 8, 2026 7:56:29 PM GMT-04:00
**Date Received**: Friday, May 8, 2026 7:57:04 PM GMT-04:00
**Attachments**: Motion for Stipulated PO.pdf,PO.pdf

Mr. Adams,

Jenergy's forthcoming production contains documents that require protection under a protective order. Attached is a motion and stipulated protective order. Should you agree to entry of this order, please reply that we may add your signature to the motion.

If you also reply that you agree to be bound from your email forward to the terms of the stipulated protective order, we will agree to make the full document production on Monday. Absent this, only non-confidential documents will be produced until an order is entered.

Anastasia Wagner

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,

_____ /

Adv. Proc. No.: 8:25-ap-00296-CPM

Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

      Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

      Defendant

_____ /

## Motion for Entry of a Stipulated Protective Order

Pursuant to Fed. R. Civ. P. 26 and Middle District Discovery (2021) Section VII(B), the parties stipulate to entry of a protective order addressing handling of confidential documents obtained or disclosed during discovery. In support of this motion, the parties state:

1.    Good cause exists for entry of a stipulated protective order.

2.    Discovery in this matter concerns litigation regarding Jenergy Air Services, LLC ("Jenergy"). Jenergy is an active business, and documents disclosed in discovery will contain sensitive information such as finances, customer identities, pricing strategy, and other proprietary, competitive information. Disclosure of such non-public information would affect Jenergy's competitive advantage and cause economic harm.

1

3.    The parties agree that the proposed stipulated protective order, submitted as Exhibit A, is appropriate in substance and scope to address the sensitive nature of Jenergy's documents.

4.    WHEREFORE, the parties respectfully request entry of the stipulated protective order at Exhibit A.

Filed: May ___, 2026.                                      Respectfully submitted,

*/s/ Michael Paul Beltran*
Michael P. Beltran (Fla. Bar No. 93184)
Beltran Litigation, P.A.
4920 W. Cypress St.,
Suite 104, PMB 5089
Tampa, FL 33607-3827
813-870-3073
mike@beltranlitigation.com
*Counsel for Plaintiffs*

*/s/*_____
Robert Edward Lee Adams, *pro se*
1214 Middlesex Dr.
Trinity, FL 34685
*Pro Se Defendant*

### CERTIFICATE OF SERVICE

I will send a copy to Defendant Debtor at:

Robert Edward Lee Adams
1214 Middlesex Dr.
Trinity, FL 34685

*/s/ Michael Paul Beltran*
Michael P. Beltran

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,           Adv. Proc. No.: 8:25-ap-00296-CPM

_____/       Related Case No. 8:25-bk-02056-CPM
                                         Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

       Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

       Defendant

_____/

## Stipulated Protective Order

This action is before the Court on the parties' Motion for Entry of Stipulated Protective Order. After reviewing the pleadings and considering the position of the parties, it is

**ORDERED:**

1.      The Motion is GRANTED.

1

2.  The protections of this Order apply to all documents or information identified or designated by any party to this litigation as a "Confidential Document," or "Confidential Documents," including:

  (a)   the Litigation Documents identified in the Motion;

  (b)   other documents that contain similar information, if designated for protection under this Order by any party to this litigation, by either stamping "Confidential" or a similar stamp or watermark on the document or by sending an email with the words "NOTICE OF DESIGNATION OF CONFIDENTIAL INFORMATION" in the subject line to all counsel of record and indicating in the email the document or documents that are being designated as a "Confidential Document" under this Order; and

  (c)   transcripts and video and audio recordings of depositions, hearings, or any other proceedings in this litigation, if contemporaneously designated Confidential (on the record during the deposition, hearing, or proceeding) or if designated "Confidential" following one of the procedures outlined in subsection (b).

3.  Based on the representations made in the Motion, and to facilitate an efficient process for dealing with Confidential Documents, the Court finds that Confidential Documents are entitled to the limited and temporary protections set forth herein.

4.  The parties to this litigation (including their attorneys, experts, and employees) may only use the Confidential Documents (and the information contained therein) for the purpose of this litigation and shall not use or disclose any Confidential Documents (or the information contained therein) for any purpose other than this litigation. However, this Order shall not prohibit a party from using or disclosing for purposes other than this litigation any Confidential Document (or the information contained therein) in that party's possession prior to the commencement of this litigation.

2

5.    If any party determines in good faith that it is necessary for the purpose of this litigation to file or otherwise include in the court record any Confidential Document (or any information contained therein), then the party shall move to file the document under seal pursuant to Local Rule 1.11.

6.    Prior to the conclusion of this litigation, any party may move pursuant to Local Rule 1.11(e) to prevent the content of a sealed item from appearing on the docket after the seal expires.

7.    Any person, regardless of whether a party to this litigation, may file a motion for the Court to reconsider or modify this Order.

3

# EXHIBIT B

EXHIBIT B: Email thread regarding Defendant's conferral on subpoena scope (April 28 to May 4, 2026), followed by Defendant's April 28, 2026 letter titled "Conferral on Subpoena Scope per April 27, 2026 Bench Ruling."

**Subject**: Re: Subpoena Scope Conferral — Adv. Pro. 8:25-ap-00296-CPM
**From**: Michael Beltran <mike@beltranlitigation.com>
**To**: Robert Adams <robert@smv.llc>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>
**Date Sent**: Monday, May 4, 2026 8:00:00 AM GMT-04:00
**Date Received**: Monday, May 4, 2026 8:00:50 AM GMT-04:00

Robert,

You do not set deadlines. The Rules and Court do. The proper procedure has been explained to you by me, Anastasia, Judge McEwen, and probably others, and this is not it.

I may have offered to work with you on the Google Subpoena in Court, but your letters appeared to demand that I provide prior review of all nine subpoenas, and that is simply not my job. Further, it is not my job to assist you with your subpoenas. Nor do my clients wish to pay me for such services on top of the significant efforts already required to redress your previous improper issuance.

You received significant feedback from the Court on Monday and in our previous Motion to Quash. The subpoenas need to be radically altered to come into compliance. At the very least, I would encourage you to narrow the scope and timeframe of each subpoena and eliminate requests for privileged or confidential information.

We reserve all rights.

Thank you,
Mike

On Fri, May 1, 2026 at 5:04 PM Robert Adams <robert@smv.llc> wrote:
Mr. Beltran,

The 5:00 PM EST deadline established in my April 28, 2026 conferral letter has now passed. Plaintiffs have not provided specific scope objections by request, with reference to the complaint paragraphs identified in that letter.

Per the terms of the April 28 letter, Defendant will proceed with reissuance of the nine subpoenas on the Schedules A previously articulated, using Official Bankruptcy Form 2570 with personal service through process servers. Notice under Fed. R. Civ. P. 45(a)(4) will follow.

Consistent with the Court's April 28, 2026 Order (Doc. 55), Defendant will not effect service on any non-party while a timely-filed motion to quash is pending.

Respectfully,

Robert Adams


On Tue, Apr 28, 2026 at 9:30 AM Robert Adams <robert@smv.llc> wrote:
Mr. Beltran,

Attached is Defendant's letter opening conferral on subpoena scope per the Court's April 27 directive. As detailed in the letter, Defendant requests Plaintiffs' specific scope objections by Friday, May 1, 2026 at 5:00 PM EST.

Robert Adams

1 / 33

**Subject**: Re: Subpoena Scope Conferral — Adv. Pro. 8:25-ap-00296-CPM
**From**: Robert Adams <robert@smv.llc>
**To**: Michael Beltran <mike@beltranlitigation.com>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>
**Date Sent**: Friday, May 1, 2026 5:04:47 PM GMT-04:00
**Date Received**: Friday, May 1, 2026 5:04:47 PM GMT-04:00

Mr. Beltran,

The 5:00 PM EST deadline established in my April 28, 2026 conferral letter has now passed. Plaintiffs have not provided specific scope objections by request, with reference to the complaint paragraphs identified in that letter.

Per the terms of the April 28 letter, Defendant will proceed with reissuance of the nine subpoenas on the Schedules A previously articulated, using Official Bankruptcy Form 2570 with personal service through process servers. Notice under Fed. R. Civ. P. 45(a)(4) will follow.

Consistent with the Court's April 28, 2026 Order (Doc. 55), Defendant will not effect service on any non-party while a timely-filed motion to quash is pending.

Respectfully,

Robert Adams


On Tue, Apr 28, 2026 at 9:30 AM Robert Adams <robert@smv.llc> wrote:
  Mr. Beltran,

  Attached is Defendant's letter opening conferral on subpoena scope per the Court's April 27 directive. As detailed in the letter, Defendant requests Plaintiffs' specific scope objections by Friday, May 1, 2026 at 5:00 PM EST.

  Robert Adams

**Subject**: Fwd: Subpoena Scope Conferral — Adv. Pro. 8:25-ap-00296-CPM
**From**: Robert Adams <robert@smv.llc>
**To**: Robert Adams <robert.adams@mac.com>
**Date Sent**: Tuesday, April 28, 2026 9:34:24 AM GMT-04:00
**Date Received**: Tuesday, April 28, 2026 9:34:24 AM GMT-04:00
**Attachments**: Conferral_Letter.docx,Conferral_Letter.pdf



---------- Forwarded message ---------
From: **Robert Adams** <robert@smv.llc>
Date: Tue, Apr 28, 2026 at 9:30 AM
Subject: Subpoena Scope Conferral — Adv. Pro. 8:25-ap-00296-CPM
To: Michael Beltran <mike@beltranlitigation.com>
Cc: Anastasia Wagner <anastasia_wagner@outlook.com>

Mr. Beltran,

Attached is Defendant's letter opening conferral on subpoena scope per the Court's April 27 directive. As detailed in the letter, Defendant requests Plaintiffs' specific scope objections by Friday, May 1, 2026 at 5:00 PM EST.

Robert Adams

**Subject**: Subpoena Scope Conferral — Adv. Pro. 8:25-ap-00296-CPM
**From**: Robert Adams <robert@smv.llc>
**To**: Michael Beltran <mike@beltranlitigation.com>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>
**Date Sent**: Tuesday, April 28, 2026 9:30:31 AM GMT-04:00
**Date Received**: Tuesday, April 28, 2026 9:30:31 AM GMT-04:00
**Attachments**: Conferral_Letter.docx,Conferral_Letter.pdf

Mr. Beltran,

Attached is Defendant's letter opening conferral on subpoena scope per the Court's April 27 directive. As detailed in the letter, Defendant requests Plaintiffs' specific scope objections by Friday, May 1, 2026 at 5:00 PM EST.

Robert Adams

Robert Edward Lee Adams

1214 Middlesex Drive

Trinity, FL 34655

robert.adams@mac.com

April 28, 2026

Michael P. Beltran, Esq.

Beltran Litigation, P.A.

4920 W. Cypress St., Suite 104 PMB 5089

Tampa, FL 33607

mike@beltranlitigation.com

**Re:  Conferral on Subpoena Scope per April 27, 2026 Bench Ruling**

**Adv. Pro. No. 8:25-ap-00296-CPM**

Mr. Beltran,

On April 27, 2026, the Court directed the parties to confer on the scope of Defendant's subpoenas duces tecum to non-parties. The Court further articulated that subpoena requests in this proceeding must be tied to specific allegations rather than serve as fishing expeditions. This letter opens that conferral process by identifying, for each of the nine subpoenas, the specific complaint paragraphs to which the requests are tied and the relevance of each Schedule A category.

Defendant intends to issue corrected subpoenas under Official Bankruptcy Form 2570 with personal service through process servers. Defendant's target is May 4, 2026 for Rule 45(a)(4) notice and May 11, 2026 for service. To allow this conferral to be meaningful before reissuance, Defendant requests that Plaintiffs identify any specific scope objections by request, with reference to the complaint paragraphs identified below, by Friday, May 1, 2026 at 5:00 PM EST.

Plaintiffs' standing to object to subpoenas directed to non-parties holding administrative or third-party records, in which Plaintiffs hold no personal right or privilege, is reserved. Defendant offers conferral as to all nine subpoenas notwithstanding the standing question.

**1. Google LLC — Workspace Domains jenergyair.com, jenergyairservices.com, jenergyreynolds.com**

Purpose: Administrative and audit records for the Google Workspace domains formerly used by Jenergy Air Services, LLC, addressing allegations regarding access to email accounts and CRM systems, password changes, and the relationship among the three Workspace domains.

**Complaint paragraphs supported:**

- ¶ 92 (alleging Defendant "blocked Reynolds from accessing company emails, CRM software, and phone")
- ¶¶ 90-94 (allegations regarding alleged appropriation of Jenergy's business operations)
- ¶ 117 (allegation regarding coordination with Michael Brundage)
- ¶ 146 (Plaintiffs' admission that they "temporarily allowed Adams limited access to Jenergy's operations")
- ¶¶ 174-182 (Count Seven Florida CADRA, including ¶ 178(a) alleging unauthorized access to email accounts and CRM, ¶ 178(b) alleging password changes, ¶ 178(c) alleging redirect of customer communications)
- ¶¶ 203-212 (Count Eleven §523(a)(4): allegations regarding access to QuickBooks and operational documents and the alleged trust relationship)
- Counts supported: 3 (Conversion, ¶¶ 144-150), 6 (Theft of Trade Secrets, ¶¶ 166-173), 7 (Florida CADRA, ¶¶ 174-182), 11 (§523(a)(4), ¶¶ 203-212), 12 (§523(a)(6), ¶¶ 213-216)

**Schedule A relevance:**

- Items 1-2 (admin audit logs, login records): tests ¶ 92 and ¶ 178(a) by identifying the user(s) who accessed the Workspace and from where during the relevant period
- Item 3 (email deletion records): identifies any deletion events, the user who performed each, and the timestamp
- Items 4-5 (password changes, Super Admin privilege changes): tests ¶ 178(b) by identifying who changed which credentials and when
- Item 6 (domain configuration history): tests Plaintiffs' allegations regarding the relationship between jenergyair.com, jenergyairservices.com, and jenergyreynolds.com, and any alias domain configurations
- Item 7 (data export events): tests ¶ 104 (alleged misappropriation of client list) and ¶ 178(a) (alleged unauthorized data acquisition)
- Item 8 (account holder/registration): identifies the original account creator and current administrator

## 2. PayPal, Inc. (Venmo) — Account @Jennifer-Reynolds-50

Purpose: Transaction records for the personal Venmo account of Plaintiff Jennifer Reynolds, addressing allegations regarding Plaintiffs' financial condition and representations made during the acquisition negotiation.

**Complaint paragraphs supported:**

- ¶¶ 20-22 (Plaintiffs' representations of Jenergy's business condition)
- ¶¶ 33-69 (price progression and representations during October 2023 to February 2024 negotiation)
- ¶¶ 195-202 (Count Ten §523(a)(2)(A): allegations of false representations regarding financial ability and intent)
- ¶¶ 217-222 (Count Thirteen §727(a)(4): allegations of false statements under oath in this bankruptcy case)
- Counts supported: 10, 11, 13

**Schedule A relevance:**

- Items 1-3 (transaction history, monthly/annual receipts): tests representations made by Plaintiff regarding business revenue and personal income flows during the negotiation period
- Item 4 (1099-K tax reporting): cross-references representations made on tax returns subpoenaed from SSK CPA Firm
- Item 5 (personal vs. business account designation): relevant to Plaintiff's bankruptcy and tax disclosures

## 3. Republic Bank & Trust Company

Purpose: Account records for Jenergy Air Services, LLC at Republic Bank, addressing allegations regarding Defendant's alleged access to Plaintiffs' financial accounts and specific transaction allegations.

**Complaint paragraphs supported:**

- ¶ 92 (alleging Defendant blocked Plaintiff's access to Jenergy systems)
- ¶ 95 (alleging Defendant encouraged customer Lance Willard to reverse a payment)
- ¶ 102 (alleging overinflated estimates/bids)
- ¶ 103 (alleging Defendant used Jenergy's funds for SMV operations)
- ¶¶ 144-150 (Count Three Conversion)
- ¶¶ 203-212 (Count Eleven §523(a)(4))
- Plaintiffs' Verified Response to Interrogatories ¶ 7 (alleging $11,345 reversed payment attributable to Defendant; in another response, $13,345)
- Counts supported: 3, 8, 11

**Schedule A relevance:**

- Item 1 (account statements): documents transaction flows during the negotiation and post-negotiation period
- Items 2-3 (online access logs, password events): tests ¶ 92 by identifying who accessed the account and when

- Item 4 (transactions over $1,000): documents the disputed payment events
- Item 5 (ERC funds, IRS refunds): relevant to Plaintiffs' representations of financial condition
- Item 6 (Lance Willard reversed payment): directly tied to ¶ 95 and Plaintiffs' interrogatory allegation
- Item 7 (signature cards, authorized signers): identifies persons with authority on the account

## 4. American Momentum Bank

Purpose: SBA loan application records relating to a financing request submitted by or on behalf of Jenergy Air Services, LLC and/or Plaintiff Jennifer Reynolds, relevant to Plaintiffs' parallel financing efforts and representations during the negotiation period.

**Complaint paragraphs supported:**

- ¶ 28 (Plaintiff securing SBA loan as part of MSA obligations)
- ¶ 52 (allegations regarding Defendant's SBA loan assurances)
- ¶ 58 (Plaintiff's alleged reliance on Defendant's SBA knowledge)
- ¶ 61 (allegations regarding SBA valuation)
- ¶¶ 33-69 (price progression and financial representations)
- ¶¶ 195-202 (Count Ten §523(a)(2)(A))
- ¶¶ 217-222 (Count Thirteen §727(a)(4))
- Counts supported: 10, 11, 13

**Schedule A relevance:**

- Items 1-2 (SBA loan application package, conditional commitment): identifies financial representations made by Plaintiffs to a federally regulated lender during the same period as representations to Defendant
- Items 3-4 (communications, valuations): tests consistency of Plaintiffs' representations across counterparties
- Items 5-6 (reasons loan did not proceed, financial representations): tests Plaintiffs' candor regarding the company's financial condition

## 5. ServiceTitan, Inc.

Purpose: Administrative and audit records for the ServiceTitan CRM account associated with Jenergy Air Services, LLC, addressing allegations regarding system access and customer data.

**Complaint paragraphs supported:**

- ¶ 92 (alleging Defendant blocked Plaintiff's access to CRM software)
- ¶ 104 (alleging misappropriation of Jenergy's client list)
- ¶¶ 144-150 (Count Three Conversion)

- ¶¶ 170-173 (Count Six Theft of Trade Secrets)
- ¶¶ 175-178 (Count Seven CADRA: Protected Computers including CRM software; ¶ 178(a) alleged unauthorized access; ¶ 178(b) alleged password changes)
- Counts supported: 3, 6, 7, 11

**Schedule A relevance:**

- Items 1-2 (access logs, user account changes): tests ¶ 92 and ¶ 178(a) by identifying who accessed the account and from where
- Item 3 (data export events): tests ¶ 104 by identifying any data export from the account
- Items 4-5 (customer service contacts, account holder): identifies persons who contacted ServiceTitan claiming to represent Jenergy and the current account administrator

## 6. FieldPulse LLC

Purpose: Administrative records for FieldPulse accounts associated with Defendant's company SMV (Send Me Ventures), addressing third-party contact with Defendant's accounts and supporting Defendant's defenses to access-related allegations.

**Complaint paragraphs supported (defensive):**

- This subpoena addresses Defendant's defenses to ¶¶ 144-150 (Count Three), ¶¶ 166-173 (Count Six), and ¶¶ 174-182 (Count Seven), which allege Defendant accessed Plaintiffs' systems without authorization. The records sought document third-party contact with Defendant's FieldPulse accounts
- PROD-048 (cease-and-desist letter regarding Ricardo Gianvito's contact with FieldPulse representing himself as the owner of Defendant's accounts)

**Schedule A relevance:**

- Items 1-2 (registration, access logs): identifies who accessed Defendant's accounts and when
- Item 3 (customer service contacts): documents the contact by Ricardo Gianvito referenced in PROD-048
- Item 4 (account changes, password resets): tests whether unauthorized changes were attempted or made to Defendant's accounts

## 7. Snyder, Snyder & Kessenich CPA Firm LLP

Purpose: Tax returns, financial assessments, and corporate filing records prepared by Plaintiffs' accountants, addressing Plaintiffs' representations of business condition during negotiation, and corporate-form changes during the relevant period.

**Complaint paragraphs supported:**

- ¶¶ 20-22 (Plaintiffs' representations of Jenergy's business condition)

24 / 33

- ¶¶ 23-26 (allegations regarding the Marital Settlement Agreement and Jenergy's transfer to Plaintiff Reynolds)
- ¶¶ 33-69 (financial representations during negotiation)
- ¶¶ 195-202 (Count Ten §523(a)(2)(A))
- ¶¶ 217-222 (Count Thirteen §727(a)(4))
- Counts supported: 10, 11, 13

**Schedule A relevance:**

- Items 1-2 (federal and state tax returns 2018-2025): documents Plaintiffs' actual reported business and personal income against representations made during negotiation
- Item 3 (financial statements, valuations including any prepared in connection with the Marital Settlement Agreement): tests representations of business value
- Items 4-5 (EIN change documents, Florida Division of Corporations filings): documents the EIN change to 81-5322621 in May 2023, relevant to Plaintiffs' representations regarding the corporate continuity of Jenergy
- Item 6 (removal of Joel Reynolds as manager): documents the corporate authorization for removal, relevant to Plaintiffs' MSA-based allegations at ¶¶ 23-26
- Item 8 (Employee Retention Credit application): tests representations regarding Plaintiffs' financial condition and the disposition of ERC funds
- Items 7, 9 (engagement letters, communications): identifies the scope of Plaintiffs' professional services

## 8. Ruth King Consulting

Purpose: Engagement records and financial assessments prepared by Plaintiffs' business consultant, addressing Plaintiffs' representations of business value and condition.

**Complaint paragraphs supported:**

- ¶¶ 20-22 (Plaintiffs' representations of Jenergy's business reputation and value)
- ¶¶ 33-69 (representations of business condition during negotiation)
- ¶¶ 195-202 (Count Ten §523(a)(2)(A))
- ¶¶ 203-212 (Count Eleven §523(a)(4))
- Counts supported: 10, 11

**Schedule A relevance:**

- Items 1, 7 (engagement letters, working papers): identifies the scope of consulting work
- Items 2-4 (financial assessments, recommendations): documents the actual financial condition of Jenergy as observed by independent professionals
- Item 5 (communications): documents Plaintiffs' acknowledgment of the company's condition

## 9. Profit Management Solutions

Purpose: Records of the bookkeeping and financial remediation engagement (approximately $43,000) between Profit Management Solutions and Plaintiffs, addressing Plaintiffs' representations of the business's financial condition and the actual state of its books.

**Complaint paragraphs supported:**

- ¶¶ 20-22 (Plaintiffs' representations of Jenergy's business condition)
- ¶¶ 33-69 (representations regarding Jenergy's financial condition during negotiation)
- ¶¶ 195-202 (Count Ten §523(a)(2)(A))
- ¶¶ 217-222 (Count Thirteen §727(a)(4))
- Counts supported: 10, 11, 13

**Schedule A relevance:**

- Item 1 (engagement records): documents the scope and amount of remediation services, contradicting representations of the company's financial cleanliness
- Items 2-3 (initial assessments, corrected records): documents the actual state of Plaintiffs' books at the start of the engagement and the scope of remediation required
- Items 4-6 (recommendations, communications, working papers): identifies the irregularities found and recommendations made to Plaintiffs

## Request

Defendant requests that Plaintiffs identify, by Friday, May 1, 2026 at 5:00 PM EST, any specific scope objections to each Schedule A category above, with reference to the complaint paragraphs to which the request is tied. Generic objections that do not address specific requests will not advance the conferral the Court directed.

If Plaintiffs propose narrower scope on specific requests, Defendant will consider in good faith whether the proposed narrowing addresses the relevance identified above. If Plaintiffs maintain blanket objections without engaging with the specific complaint paragraphs identified, Defendant will proceed with reissuance on the schedules above and submit any unresolved disputes to the Court.

Respectfully,

Robert Edward Lee Adams

Defendant, Pro Se

# EXHIBIT C

EXHIBIT C: Defendant's May 5, 2026 transmittal email, followed by Defendant's letter titled "Conferral on Deficient Rule 26(a)(1) Disclosures."

**Subject**: Conferral on Deficient Rule 26(a)(1) Disclosures - Adv. Pro. No. 8:25-ap-00296-CPM
**From**: Robert Adams <robert@smv.llc>
**To**: Michael Beltran <mike@beltranlitigation.com>
**Cc**: Anastasia Wagner <anastasia_wagner@outlook.com>, Robert Adams <robert.adams@mac.com>
**Date Sent**: Tuesday, May 5, 2026 2:04:37 PM GMT-04:00
**Date Received**: Tuesday, May 5, 2026 2:04:37 PM GMT-04:00
**Attachments**: Rule 26 Conferral Letter.pdf

Mr. Beltran,

Please find attached a letter regarding Plaintiffs' April 8, 2026 Supplemental Rule 26 Disclosures.

Robert

**Robert Edward Lee Adams**
1214 Middlesex Drive
Trinity, FL 34655

May 5, 2026

Michael P. Beltran, Esq.
Beltran Litigation, P.A.
4920 W. Cypress Street, Suite 104, PMB 5089

**Re:** Conferral on Deficient Rule 26(a)(1) Disclosures
        Adv. Pro. No. 8:25-ap-00296-CPM

Mr. Beltran,

This letter addresses Plaintiffs' Supplemental Rule 26 Disclosures dated April 8, 2026. The disclosures fail to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(i), which requires the disclosing party to identify *"the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses."*

Plaintiffs' disclosures list approximately twenty-five individuals by name and telephone number. The disclosures do not identify the subjects of information for any of these individuals. The rule's "subjects of that information" requirement is not optional. It exists to permit the opposing party to evaluate whether to depose, conduct further discovery, or prepare cross-examination on specific topics.

Defendant requests that Plaintiffs supplement the April 8, 2026 disclosures to identify, for each disclosed individual, the specific subjects on which Plaintiffs intend to elicit testimony. The supplementation should be served by Friday, May 15, 2026.

Defendant further notes that Plaintiffs' disclosures include catch-all entries such as "All witnesses in any cases disclosed as related cases" and "All persons mentioned in the Adversary Complaint." These entries are not compliant with Rule 26(a)(1)(A)(i) because they do not identify any individual. Plaintiffs should either identify each such individual by name with subjects of testimony or remove the catch-all entries.

If Plaintiffs do not supplement the disclosures by May 15, 2026, Defendant reserves the right to move for exclusion of any undisclosed witnesses or undisclosed subjects of testimony under Federal Rule of Civil Procedure 37(c)(1) at trial, hearing, or in connection with summary judgment briefing. The Eleventh Circuit applies Rule 37(c)(1) exclusion where the disclosing party fails to provide compliant Rule 26 disclosures and the failure is neither substantially justified nor harmless.

Defendant is willing to confer regarding any specific aspects of this request. Please respond by May 15, 2026.

Respectfully,

Robert Adams

2 /·2

# EXHIBIT D

Email from Anastasia Wagner to Defendant

May 10, 2026, Subject: "Subpoenas"

# EXHIBIT D

*Email from Anastasia Wagner to Defendant, May 10, 2026, 1:18 PM*

From: Anastasia Wagner <anastasia_wagner@outlook.com>

Subject: Subpoenas

Date: May 10, 2026 at 1:18 PM

To: Robert Adams <robert@smv.llc>, Robert Adams <robert.adams@mac.com>

Cc: Michael Beltran <mike@beltranlitigation.com>

Mr. Adams, your subpoenas have not been narrowed in the slightest. This includes obvious failures like not limiting them to the relevant time frame, requesting privileged documents, and seeking non-discoverable information regarding Jennifer Reynolds' personal finances. It is not Plaintiffs' responsibility to redraft your subpoenas. If you agree to not serve the current subpoenas and provide new, appropriately tailored Schedule As, we will not file a renewed motion and request for sanctions later today.

Anastasia Wagner

*Provenance Note*

*Source: Defendant's Mac mailbox archive (Mail.app). The email is captured in the project archive at mac_com_PDF_Review/Beltran Mac Mail.pdf (153-page archive of Beltran-Wagner correspondence).*