UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

FILED TPA INTAKE USBC
22 JUN 2026 AM10:38

In re:

Case No. 8:25-bk-02056-CPM
ROBERT EDWARD LEE ADAMS,
Chapter 7

Debtor.

JENERGY AIR SERVICES, LLC, and
JENNIFER REYNOLDS,
Adv. Pro. No. 8:25-ap-00296-CPM
Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS,
Defendant.

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS (DOC. 65)

Defendant Robert Adams, appearing pro se, responds to Plaintiffs' Motion for Sanctions for Noncompliance with Order on Motion to Compel (Doc. 65) as follows.

Contemporaneously with this Response, Defendant has served a supplemental production addressing the specific deficiencies identified in the Motion. As set forth below, each matter raised is now produced, was previously produced, does not exist after a reasonable search, or is addressed by the response stated. Defendant is a self-represented litigant and has produced to the best of his ability under the reasonable-inquiry standard. The Motion should be denied, and to the extent the Court finds any item remains outstanding, Defendant requests that the Court direct the form and timing of any further production rather than impose sanctions.

### RESPONSE TO SPECIFIC DEFICIENCIES

1. **RFP 26, Brundage emails (Doc. 65 ¶ 3).** Defendant's communications with Michael Brundage dated on or after April 12, 2024 were produced by Defendant's Supplemental Production served May 26, 2026, transmitted by email to Plaintiffs' counsel under the subject "Defendant's Supplemental Production - Adv. Pro. No. 8:25-ap-00296-CPM." That production consisted of Gmail thread exports, one thread per file with headers preserved. The deficiency is cured.

2. **RFP 26, count discrepancy (Doc. 65 ¶¶ 4 to 5).** There is no shortfall. The production was organized one file per email thread, and each thread contains multiple individual messages. The previously-referenced figure of approximately 201 is a count of individual messages. The produced Brundage threads contain 297 individual messages, which exceeds that figure. The apparent discrepancy reflects only the difference between counting threads and counting the messages contained within them. No communications were withheld or lost on this basis.

3. **RFP 2, Joel Reynolds text date range (Doc. 65 ¶ 6.a).** Defendant has produced the complete text message thread with Joel Reynolds. The thread begins February 1, 2024, the date of the first message between Defendant and Mr. Reynolds, which is Defendant's message introducing himself. There are no text messages dated in 2023 because the communication did not begin until February 1, 2024. The complete thread is produced herewith.

4. **RFP 2, Joel Reynolds text attachments (Doc. 65 ¶ 6.b).** Defendant has produced the complete text thread in the export format available to him. To the extent the Motion seeks separate production of attachments referenced within the thread, Defendant does not presently possess the technical means to extract embedded attachments from that format. Defendant respectfully requests that the Court direct whether separate production is required and, if so, the form and timeline.

5. **RFP 6, studio-build labor (Doc. 65 ¶ 7).** Defendant has produced his record of the studio-build expenses in native spreadsheet form. Defendant does not possess separate receipts or cancelled checks for this labor beyond the produced record. No additional responsive documents exist in Defendant's possession after a reasonable search.

**6. RFP 6, employee purchases (Doc. 65 ¶ 8).** Defendant has produced the responsive purchase receipt located after a reasonable search. Defendant no longer maintains the account(s) through which any such purchases were made and cannot identify which account was used. Defendant objects to a statement-by-statement search of former financial accounts to document small purchases as unduly burdensome and disproportionate under Rule 26.

**7. RFP 8, funds to close (Doc. 65 ¶¶ 9 to 11).** Defendant has produced the documents in his possession from the lender concerning the SBA financing, including documentation that a closing date was set. The lender's internal application and underwriting file is held by the lender and is not within Defendant's possession. Defendant has produced all responsive financing documents in his possession.

**8. RFP 23, Perzel Forensic Valuation (Doc. 65 ¶ 12).** Defendant has produced the document herewith. The Perzel and Purdy valuation is a June 2023 forensic business valuation prepared for the Reynolds marital dissolution proceeding. It is an underlying valuation document, not a communication prepared for or generated within mediation, and bears no confidentiality designation on its face. It is produced as a responsive, discoverable document.

**9. ADAMS-PROD-003 referenced attachment (Doc. 65 ¶ 13.a).** The document referenced on this page was not attached to the underlying email. The reference was written by the sender, a Regions Bank representative, and the source email as transmitted contained no attached file. There is no such document in Defendant's possession to produce because none was ever received.

**10. ADAMS-PROD-050 (Doc. 65 ¶ 13.b).** This is a communication with a repair contractor regarding work scope. Defendant has produced the responsive excerpt in his possession. The complete contractor thread is not presently available to Defendant in exportable form, and Defendant requests the Court's direction on whether and in what form further production is required, consistent with paragraph 4 above.

**11. ADAMS-PROD-053 and 054 (Doc. 65 ¶ 13.c).** These are further communications with the same repair contractor regarding repair scope. Defendant's response is the same as stated in paragraph 10.

**12. ADAMS-PROD-059 (Doc. 65 ¶ 13.d).** ADAMS-PROD-059 is a complete and continuous 227-page export of the text thread with Julie Reynolds, with sequential timestamps, a natural beginning and end, and no truncation. It is not incomplete. The email referenced within that thread, the February 15, 2024 transmittal from Mr. Brundage to opposing counsel Jake Blanchard, was previously produced; the letter attached to that transmittal is produced separately herewith. That communication was addressed and transmitted to opposing counsel and is not privileged.

**13. RFP 3, spreadsheets in native format (Doc. 65 ¶ 13.e).** Defendant notes that the operative requests contain no native-format instruction. Without waiving that point, Defendant has produced the responsive expense spreadsheet in native format herewith.

**14. RFP 5, SBA application and underwriting (Doc. 65 ¶ 13.f).** Defendant has produced the SBA documents in his possession. The loan application and underwriting file are maintained by the lender and are not within Defendant's possession. Defendant cannot produce documents he does not possess.

**15. RFP 4, post-departure customer communications (Doc. 65 ¶ 13.g).** After a reasonable search, Defendant located no communications with Jenergy customers following the repudiation of the transaction, and Defendant does not recall any such communications. No responsive documents exist in Defendant's possession.

## ADDITIONAL PRODUCTION

In an abundance of caution, Defendant also produces herewith certain documents that were referenced as attachments within communications produced in the May 26, 2026 supplemental production, namely the operating agreements for AMSS Acquisition, LLC and Compass Accounting and Consulting, LLC, a related price list, and a summary of an unrelated subcontract. Third-party residential addresses and a non-party individual's name within those documents have been redacted to protect the privacy of non-parties. These documents concern entities and matters unrelated to the Jenergy transaction; they are produced without waiver of any objection as to relevance.

## CONCLUSION

The deficiencies identified in Doc. 65 have been cured, were previously produced, do not exist after a reasonable search, or are addressed as set forth above. Defendant respectfully requests that the Motion be denied, and that to the extent the Court finds any item remains outstanding, the Court direct the form and timing of further production rather than impose sanctions on a self-represented litigant who has produced in good faith.

Respectfully submitted,

Robert Adams, Defendant pro se
1214 Middlesex Dr
Trinity, FL 34685
robert@smv.llc

## CERTIFICATE OF SERVICE

I certify that on June 21, 2026, a true and correct copy of the foregoing, together with the accompanying production, was served by email, pursuant to the parties' agreement for email service, on Michael Beltran, Esq., counsel for Plaintiffs, at mike@beltranlitigation.com.

Robert Adams