UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: ROBERT EDWARD LEE ADAMS,

Adv. Proc. No.: 8:25-ap-00296-CPM

_____/

Related Case No. 8:25-bk-02056-CPM
Chapter 7 Debtor.

JENERGY AIR SERVICES, LLC,
a Florida limited liability company,
JENNIFER REYNOLDS, an individual,

Plaintiffs,

v.

ROBERT EDWARD LEE ADAMS, a Florida individual,

Defendant.

_____/

FILED TPA INTAKE USBC
7 JUL 2026 AM10:01

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR ATTORNEY FEES AND SANCTIONS (DOC. 78)

Defendant Robert Edward Lee Adams, appearing pro se, responds in opposition to Plaintiffs' Motion to Compel and for Attorney Fees and Sanctions (Doc. 78), and states:

### INTRODUCTION

1.   The relief Plaintiffs seek is moot. On July 6, 2026, before this hearing, Defendant served complete written responses and objections to Jenergy's First Set of Requests for Production of Documents, served April 3, 2026 (all eighty requests). A copy of the transmittal is attached as Exhibit A. Because full responses have now been served, the Motion to Compel is moot, and the extraordinary sanction of striking Defendant's answer is not warranted.

### BACKGROUND

2.   Plaintiffs served the April 3, 2026 Requests while multiple prior discovery sets, motions, and productions were active in this proceeding. Defendant, who is not an attorney and represents himself, mistakenly believed the April 3 Requests substantially duplicated requests already served and already addressed in Defendant's prior productions, and did not appreciate that a separate formal response remained required.

3.   Upon recognizing that error, Defendant prepared and served complete responses and objections to all eighty requests. Defendant did not ignore his obligations; he misjudged their form, and he has now cured that misjudgment in advance of the July 13, 2026 pretrial conference and the trial set to begin August 3, 2026.

## ARGUMENT

### A.   The Motion to Compel Is Moot.

4.   A motion to compel is moot when the responding party serves the requested discovery. Defendant has now served full responses and objections to every request. Nothing remains to compel. Plaintiffs' own Motion recognizes this alternative: paragraph 7 asks, if the Court declines to strike, that Defendant be ordered to provide full and complete responses. Defendant has already done so.

### B.   Striking the Answer Is Not Warranted.

5.   Dispositive sanctions under Rule 37(b)(2)(A) are reserved for willful, bad-faith noncompliance, particularly where a lesser sanction would suffice. Defendant's late service resulted from a pro se misjudgment about whether a separate response was required, not from defiance of any court order. Defendant has now complied. Striking the answer of a self-represented defendant who has cured before the hearing, and well before trial, would be a disproportionate sanction on this record.

6.   Plaintiffs are not prejudiced. They receive complete responses and objections well before the July 13, 2026 pretrial conference and the August 3, 2026 trial. Plaintiffs identify no discovery they are now unable to use, and no deadline they are now unable to meet, as a result of the timing.

### C.   Defendant's Objections Should Be Considered for Good Cause.

7.   Defendant respectfully requests that the Court consider the objections served with his responses. The failure to serve objections within thirty days resulted from the same pro se misjudgment described above, not from gamesmanship. Given Defendant's self-represented status, the absence of prejudice to Plaintiffs, and Defendant's cure in advance of trial, good cause exists to consider the objections on their merits.

## CONCLUSION

WHEREFORE Defendant respectfully requests that the Court deny Plaintiffs' Motion to Compel and for Sanctions as moot, decline to strike Defendant's answer, consider Defendant's objections for good cause, and grant such other relief as the Court deems just and proper.

Dated: July 7, 2026.

Respectfully submitted,

Robert Edward Lee Adams
Defendant, Pro Se
1214 Middlesex Dr.
Trinity, FL 34685
robert@smv.llc
robert.adams@mac.com

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, a copy of the foregoing was served by email on Michael P. Beltran, Beltran Litigation, P.A., mike@beltranlitigation.com, counsel for Plaintiffs.

Robert Edward Lee Adams

# EXHIBIT A

Defendant's July 6, 2026 email transmittal serving Defendant's Responses and Objections to Jenergy's First Set of Requests for Production of Documents (served April 3, 2026), attaching Response_to_April3_RFPD.pdf (10 pages), sent from robert@smv.llc to mike@beltranlitigation.com.

 **SEND ME VENTURES**

**Robert Adams <robert@smv.llc>**

---

## Defendant's Responses and Objections to Jenergy's First Set of Requests for Production (Served April 3, 2026) - Adv. Pro. No. 8:25-ap-00296-CPM

1 message

---

**Robert Adams** <robert@smv.llc>        Mon, Jul 6, 2026 at 2:33 PM
To: Michael Beltran <mike@beltranlitigation.com>
Cc: Anastasia Wagner <anastasia_wagner@outlook.com>, Robert Adams <robert.adams@mac.com>

Mr. Beltran,

Attached are Defendant's Responses and Objections to Jenergy's First Set of Requests for Production of Documents, served April 3, 2026, responding to all eighty (80) requests. Service is made by email pursuant to the parties' agreement for email service.

Robert Adams

---

 **Response_to_April3_RFPD.pdf**
109K